[Civ. No. 12982. Fourth Dist., Div. One. July 30, 1975.]

WALTER ALLEN GRANT, Plaintiff and Appellant, v.
FRANCIS WALTER PETRONELLA et al.,
Defendants and Respondents.

**COUNSEL**

Reed & Brockway, John W. Reed and William F. Reed for Plaintiff and Appellant.

Kinkle, Rodiger, Graf, Dewberry & Spriggs, Kinkle, Rodiger & Spriggs, William B. Rodiger and A. J. Pyka for Defendants and Respondents.

**OPINION**

**COUGHLIN, J.\***—Plaintiff appeals from the judgment in his personal injury action, based on a verdict against him and in favor of the defendants, Francis Walter Petronella, a deputy sheriff, and Orange County, his employer.

The action sought damages for injuries plaintiff sustained in a collision between an automobile driven by him and an automobile driven by Petronella. Both automobiles were traveling southerly along Interstate 5, an 8-lane highway divided in the middle by a center strip, in a 65-mile-an-hour speed zone, in the Laguna Niguel area. The collision occurred on September 7, 1971, at 12:20 a.m. Two passengers in plaintiff's automobile were killed. Petronella was driving a sheriff's automobile equipped with red light and siren, neither of which had been activated. He was accompanied by another deputy sheriff, William Denton.

---

\*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

The issues on appeal are whether the court committed prejudicial error (1) in refusing to give an instruction requested by plaintiff; (2) in giving an instruction requested by defendants; (3) in admitting testimony over objection by plaintiff; and (4) in denying plaintiff's motion for a new trial on the ground the weight of the evidence did not support the verdict.

Plaintiff claims as he was traveling in the lane nearest the center, without warning by red light, siren, or otherwise, his automobile was struck in the rear by the sheriff's automobile while the latter was traveling between 85 and 90 miles an hour. Plaintiff's version of the accident is corroborated by the testimony of three eyewitnesses in an automobile being driven a short distance behind him, going in the same direction, i.e., southerly, in the third lane from the center. These witnesses testified the sheriff's automobile passed them in the second lane and went into the first lane shortly before the impact. A member of the California Highway Patrol, qualified as an expert, in response to a hypothetical question, testified in his opinion the right front of the sheriff's automobile struck the left rear of the plaintiff's automobile.

Defendants admitted no warning by red light, siren or otherwise preceded the collision, but claim the sheriff's automobile was responding to an emergency call; it was traveling between 70 and 75 miles an hour; a red light or siren warning was not given because giving such is not a safe procedure; Petronella, for a considerable distance before the accident, was driving the automobile in the first lane from the center; plaintiff was driving his automobile in the second lane; and when the sheriff's automobile was about to pass plaintiff's automobile the latter veered into the first lane; Petronella attempted to avoid a collision by turning to the left into the center dividing area, but the front end of both cars collided and the impact caused plaintiff's automobile to overturn. Defendants' position is supported by the testimony of Deputy Denton and the testimony of an eyewitness approaching the scene of the accident traveling in a northerly direction in the fourth lane from the center. A consultant in accident reconstruction, qualified as an expert, testified in his opinion the initial contact was between the right front portion of the sheriff's automobile and the left door of plaintiff's automobile.

At the trial, in considering objections to testimony, reference was made to the provisions of Vehicle Code section 21055, that the driver of an emergency vehicle is exempt from certain provisions of the Vehicle Code if he is responding to an emergency call, "sounds a siren as may be

reasonably necessary and the vehicle displays a lighted red lamp visible from the front as a warning to other drivers . . ." (Veh. Code, § 21055 subd. (b).)

Plaintiff requested an instruction which recited the substance of section 21055 and advised the jury, as defendants did not display a red light "they were under the same duty as all other operators of vehicles on the highway to comply with all applicable Vehicle Code provisions." The court refused to give the requested instruction and, instead, instructed: (1) the automobile driven by Petronella was an "authorized emergency vehicle;" (2) "it is the duty of the driver of an authorized emergency vehicle to exercise that amount of care which, under all of the circumstances, would not impose upon others an unreasonable risk of harm. That standard of conduct which is reasonable under all of the circumstances must, of course, take into consideration the unusual circumstances confronting the driver of an authorized emergency vehicle; that is, the emergency which necessitates immediate action and the duty imposed upon the driver to take reasonable and necessary measures to alleviate the emergency. The question then is to be asked, 'What would a reasonable, prudent emergency driver do under all of the circumstances, including that of the emergency?' "; and (3) the Vehicle Code has a provision that the driver of an authorized emergency vehicle "is exempt from and need not observe the provisions of the Vehicle Code relating to speed, right-of-way and in general the rules of the road" providing the vehicle is being driven in response to an emergency call, the driver sounds the siren as may be reasonably necessary, and the vehicle displays a lighted red lamp visible from the front. If "the foregoing requirements are met, then it is not negligence as a matter of law for the driver of the authorized emergency vehicle to fail to observe those provisions of the Vehicle Code from which he is exempt." This exemption does not relieve the driver from the duty to drive with due regard for the safety of all persons using the highway nor protect him from the consequences of an arbitrary exercise of the privileges granted under the exemption. If the jury finds the acts of Petronella were outside the exemptions "it then must determine whether the acts of Petronella constituted negligence and, if so, whether the negligence was a proximate cause of the accident. The latter instructions were premised on Vehicle Code sections 21055 and 21056.

Section 21055 is an exemption statute; provides the driver of an authorized emergency vehicle, upon meeting the statutory conditions heretofore noted, is not required to comply with designated sections of

the Vehicle Code; but, by virtue of section 21056, does not relieve him from the duty to drive with "due regard" for the safety of persons using the highway, nor protect him from an arbitrary exercise of the privileges granted.

The provisions of Vehicle Code section 21055 were not applicable to the case because Petronella did not give a warning by lighted red lamp. Refusing the instruction requested by plaintiff and giving the instructions noted, was error. By virtue of the heretofore noted discussions attendant upon a consideration of objections to evidence plaintiff's requested instruction that section 21055 was not applicable should have been given. As a matter of law, under the evidence, Petronella was not exempt from compliance with the "provisions of the Vehicle Code relating to speed, right of way and in general the rules of the road." The action of the court in submitting the issue to the jury as a matter of fact was error. **(2)** The applicable general rule is stated in *Davenport* v. *Stratton,* 24 Cal.2d 232, 254 [149 P.2d 4], where the court said, "Even though an instruction is couched in proper language it is improper, if it finds no support in the evidence, and the giving of it constitutes prejudicial error if it is calculated to mislead the jury."

If the driver of an authorized emergency vehicle is responding to an emergency call and gives the prescribed warnings by red light and siren, a charge of negligence against him may not be predicated on his violation of the designated Vehicle Code sections (*Raynor* v. *City of Arcata,* 11 Cal.2d 113, 117 [77 P.2d 1054]); but if he does not give the warnings, the contrary is true (*Draper* v. *City of Los Angeles,* 91 Cal.App.2d 315, 317-318 [205 P.2d 46]; *Eddy* v. *City of Los Angeles,* 28 Cal.App.2d 89, 96 [82 P.2d 25]); and in the event the charged negligence is premised on conduct without the scope of the exemption a common law standard of care is applicable (*Peerless Laundry Serv.* v. *City of L. A.,* 109 Cal.App.2d 703, 706 [241 P.2d 269]).

Although section 21055 does not require the driver of an authorized emergency vehicle responding to an emergency call to give a warning of his approach by red light and siren, it does establish a legislative policy pursuant to which the Legislature has designated a particular type of warning for use exclusively by such a driver; has determined such to be the most effective type of warning under the circumstances; has established a standard of care applicable to a driver who gives the prescribed warning; and contemplates a higher standard of care for the driver who does not use this type of warning.

The charged negligence of the driver of an emergency vehicle responding to an emergency call may be without the scope of the exemption provided by Vehicle Code section 21055 (1) because it did not involve a violation of an exempted Vehicle Code section; or (2) because the driver did not give the prescribed red-light and siren warning. In either event a common law standard of care applies. However we have concluded the generic bases of the standards are not identical.

The decisions of our Supreme and appellate courts involving an application of Vehicle Code sections 21055 and 21056, including the former versions thereof, in large measure have been concerned with the extent of the liability of the driver of an emergency vehicle responding to an emergency call who had complied with the red-light and siren conditions prescribed by section 21055; strictly construed the exemption provision; and gave breadth to the limitations upon the exemption prescribed by section 21056, i.e., the overriding duty to drive with "due regard" for the safety of all persons using the highway and the exclusionary effect of an arbitrary exercise of the privileges granted. Derivative of these decisions is the applicable standard of care governing the conduct of the driver of an emergency vehicle responding to an emergency call and giving the prescribed red-light and siren warning. The landmark decision in the premises is *Torres* v. *City of Los Angeles,* 58 Cal.2d 35, 47, 48, 51 [22 Cal.Rptr. 866, 372 P.2d 906], where the court said:

"We can attribute to the legislative intent, in addition to the requirement of an adequate warning to others using the highway, the further requirement that the driver of an emergency vehicle exercise that degree of care which, under all the circumstances, would not impose upon others an unreasonable risk of harm. In short the statute exempts the employer of such a driver from liability for negligence attributable to his failure to comply with specified statutory provisions, but it does not in any manner purport to exempt the employer from liability due to negligence attributable to the driver's failure to maintain that standard of care imposed by the common law. . . .

"That standard of conduct which is reasonable under all the circumstances must, of course, take into consideration the unusual circumstances confronting the driver of an emergency vehicle, that is, the emergency which necessitates immediate action and the duty imposed upon the driver to take reasonable, necessary measures to alleviate the emergency. . . .

" . . . . . . . . . . . . . . . . . .

"From the foregoing it is manifest that as to such conduct not specifically exempt from the imposition of liability, the degree of care lawfully imposed upon the agents or the employees of a municipality is that care consistent with the exercise of ordinary prudence in all the prevailing circumstances, including those circumstances manifest at the time of an emergency call. The question to be asked is what would a reasonable, prudent emergency driver do under all of the circumstances, including that of the emergency." The rule thus stated was followed in *Dillenbeck* v. *City of Los Angeles,* 69 Cal.2d 472, 476-477 [72 Cal.Rptr. 321, 446 P.2d 129]. In both cases the court was considering the standard of care of the driver of an emergency vehicle responding to an emergency call and giving a red-light and siren warning.

In the case at bench, the instructions on the standard of care governing Petronella included those generally given on the issue of negligence and also that "no person shall drive a vehicle upon a highway at a speed greater than 65 miles an hour;" that a person violating this code section is negligent unless he proves "he did what might reasonably be expected of a person of ordinary prudence, acting under the similar circumstances, who desired to comply with the law;" that, as heretofore noted, the sheriff's automobile was an authorized emergency vehicle; and that the standard of care governing the conduct of the driver of such a vehicle responding to an emergency call was the standard prescribed by the rule in *Torres, supra* (58 Cal.2d 35, 51), using the language of the court in that case to define that standard, i.e., the care exercised by the driver of an emergency vehicle responding to an emergency call. The latter instruction did not limit the application of this standard to a driver who had complied with the red-light and siren warning condition prescribed by section 21055. The foregoing instructions were followed by instructions respecting the exemption provided by section 21055, including the prescribed warning condition.

The instruction on the effect of the 65-mile-an-hour speed law violation conforms to the general rule the violation of a statute raises a presumption of negligence which may be rebutted by proof the violator "did what might reasonably be expected of a person of ordinary prudence acting under similar circumstances, who desired to comply with the law" (Evid. Code, § 669; *Alarid* v. *Vanier,* 50 Cal.2d 617 [327

P.2d 897]). The courts have referred to the proof in rebuttal of the presumption as proof of a justification or excuse for the violation (*Alarid* v. *Vanier, supra,* 50 Cal.2d 617, 622).

Applying the instructions at bench to the evidence, the jury was advised, in substance, if they found Petronella was driving the emergency vehicle in response to an emergency call at 70 to 75 or 85 to 90 miles an hour, he was negligent unless in doing so he acted as a reasonably prudent person would have acted under the circumstances, taking "into consideration the unusual circumstances confronting" him, "the emergency which necessitates immediate action and the duty imposed" on him "to take reasonable, and necessary measures to alleviate the emergency," and asking the question " 'what would a reasonable, prudent emergency driver do under all of the circumstances, including that of the emergency?' "

(3) Where the driver of an emergency vehicle responding to an emergency call does not give the warnings prescribed by section 21055, the legislative warning policy expressed in that section dictates the conclusion the common law standard of care governing his conduct does not include a consideration of the emergency circumstances attendant upon his response to an emergency call. Thus, in determining whether the presumption of negligence arising from a violation of the 65-mile-an-hour speed law by such a driver is rebutted by proof the driver did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law, the fact he was responding to an emergency call in an authorized emergency vehicle is not a circumstance, within the formula of "similar circumstances," to be considered in making the determination.[1]

---

[1]Our discussion of the rule respecting proof of justification and excuse, and rebuttal of the presumption of negligence arising from the admitted fact Petronella exceeded the 65-mile-an-hour speed limit is not premised on an opinion the evidence supports giving any instruction on the issue. Whether the evidence would support a finding of justification or excuse is debatable. Absent such evidence, giving the instruction is error. (Gen. see *Witt* v. *Jackson,* 57 Cal.2d 57, 63 [17 Cal.Rptr. 369, 366 P.2d 641]; *McCaughan* v. *Hansen Pacific Lumber Co.,* 176 Cal.App.2d 827, 834 [1 Cal.Rptr. 796]; *Fuentes* v. *Panella,* 120 Cal.App.2d 175, 183 [260 P.2d 853].) However, as the contention has not been raised we make no decision upon the issue. The only justification or excuse offered was driving in response to an emergency call. The fact the driver intentionally omitted red-light and siren warnings would support a conclusion he was not a person "who desired to comply with the law" (Evid. Code, § 669, subd. (b)(1)), and, as noted, this is a circumstance to be considered in determining whether he was acting as a reasonably prudent person.

The instructions given were confusing and misleading and, in our opinion, under the rule stated in *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243], the error in giving them and in refusing to give the instruction requested by plaintiff, was prejudicial.

The foregoing determinations are dispositive of the appeal and we need not consider the plaintiff's contention the court erred in the admission of evidence and in denying his motion for new trial premised on the ground the evidence was insufficient to support the verdict.

Judgment reversed.

Brown (Gerald), P. J., and Ault, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied September 24, 1975.