[Civ. No. 20600.   Second Dist., Div. One.   Mar. 28, 1955.]

ALBERT MARSHALL, Appellant, v. COUNTY OF LOS ANGELES et al., Respondents.

William A. Tookey for Appellant.

Harold W. Kennedy, County Counsel, Robert C. Lynch and Lloyd S. Davis, Deputy County Counsel, for Respondents.

DRAPEAU, J.—This is an appeal from a judgment that followed an order sustaining defendants' demurrer to plaintiff's second amended complaint.

It appears by the averments of the complaint that plaintiff was a prisoner at the sheriff's Wayside Honor Farm of the County of Los Angeles. He had been convicted of a misdemeanor, sentenced to the county jail, and transferred to the farm.

He was working with other prisoners on a dump truck owned by the county, and driven by one of the prisoners. No employee of the county was with the truck.

The men were hauling lumber from one place to another on the farm grounds. Plaintiff was assigned to ride in the truck. When it came time to unload it all of the men got into the truck. While the men were thus at work, the prisoner driver° climbed into the cab of the truck, tilted its bed at an acute angle, and made it go rapidly backward and forward. The idea was to shake out the lumber remaining in the bottom of the truck. Unfortunately plaintiff was still in the truck when this operation was commenced. He tried to get out, but fell between the bed of the truck and the cab, and sustained serious injuries to his ankle and leg.

He was taken to the camp infirmary, treated for bruises and sprains, kept there for a week, and then transferred to the General Hospital in Los Angeles. At the hospital it was found that he had suffered a broken leg. The bones were set and the leg put in a cast, but before the man fully recovered he was discharged from the hospital and turned out to shift for himself. If this allegation be true, that would seem to have been a needless cruelty.·

Plaintiff names as defendants the county, its board of supervisors, the sheriff and his deputies, and the prisoner who drove the truck.

Plaintiff's brief on appeal argues that the doctrine of sovereign immunity should not be applied in his case; that the county and the sheriff are liable for aggravation of his injuries by reason of negligent care and treatment furnished him; and that in any event he is entitled to compensation under section 400 of the Vehicle Code for his injuries, pain, and suffering.

As stated in defendants' brief, the complaint contains four causes of action. The first is based upon a claim of negligent operation of the truck by fellow prisoners. The second is based upon the failure to furnish adequate medical equipment and personnel. The third is based upon the employment of an alleged incompetent and unqualified person at the honor farm to treat sick or injured prisoners. The fourth cause of action is substantially the same as the second.

These causes of action will be discussed separately.

The first cause of action—the claim of negligent operation of the truck:

That part of section 400 of the Vehicle Code applicable to this situation may be epitomized as follows:

". . . every county . . . owning any motor vehicle is responsible to every person who sustains any damage by reason of . . . injury to person . . . as the result of the negligent operation of any said motor vehicle by an officer, agent, or employee . . ."

This court is unable to agree with the argument of the county that the truck was not in "operation" when the accident occurred, as that word is used in the statute.

In the enactment of section 400 of the Vehicle Code the state imposed liability for damages when the exercise of governmental functions in the operation of motor vehicles results in injury to its people. (*Lossman* v. *Stockton*, 6 Cal. App.2d 324 [44 P.2d 397].)

It was designed to end the common-law rule of governmental nonliability so far as the operation of motor vehicles by public agencies is concerned. (*Willoughby* v. *Zylstra*, 5 Cal.App.2d 297 [42 P.2d 685].)

To be in operation within the meaning of the law the vehicle must be in a "state of being at work" or "in the active exercise of some specific function." (*Chilcote* v. *San Bernardino County*, 218 Cal. 444 [23 P.2d 748].)

Applying these rules, it seems clear that the dump truck was in operation within the meaning of section 400 of the Vehicle Code. Therefore the complaint states a cause of

action against the county of Los Angeles, and the driver of the truck. ■ While the driver was not a paid employee of the county, he was in control of the vehicle, and he had been directed to drive it by employees of the county. This is sufficient to establish liability of the county under the doctrine of *respondeat superior*. (*Raynor* v. *Arcata*, 11 Cal.2d 113 [77 P.2d 1054]; *Eddy* v. *Los Angeles*, 28 Cal.App.2d 89 [82 P.2d 25].)

The case of *Brindamour* v. *Murray*, 7 Cal.2d 73 [59 P.2d 1009], relied upon by the county, is not controlling here. In that case a municipally owned car was being used in the private business of a captain of police when an accident happened. In this case the truck was being used for county business in the maintenance of the county's penal farm.

The demurrer was properly sustained as to the other three causes of action. ■ In the absence of a statute imposing liability, a county is not liable for failure to furnish prisoners with medical assistance for treatment of injuries. (*Bryant* v. *County of Monterey*, 125 Cal.App.2d 470 [270 P.2d 897].)

■ Moreover, it is not alleged in any of these three causes of action that any of the county employees or sheriff's deputies was known by the sheriff to be an unfit or vicious person. Without such an allegation public officers are not liable for the torts of subordinates. (*Fernelius* v. *Pierce*, 22 Cal.2d 226 [138 P.2d 12].)

As observed by Mr. Justice Shenk in his concurring opinion in the Fernelius case: ''A sound public policy supports the general rule of non-liability of superior public officers for the torts of inferior civil service officers and employees, and exceptions to that rule should not be extended.''

If this were not the policy of the law, no one in his right mind would undertake the responsibility of sheriff or chief of police. Under civil service such officers have limited power of appointment of subordinates, less control over their tenure of office, and great difficulty in getting rid of incompetents and misfits. To permit legal actions to recover damages from sheriffs or chiefs of police for every tort of a deputy or police officer lacks the leaven of realistic thinking under increasing complexities of public service.

The judgment insofar as it sustains the demurrer of the defendant county of Los Angeles is reversed and the cause remanded with directions to the court below to overrule the demurrer of said defendant, and to allow the defendant county

of Los Angeles to file an answer to the complaint if it be so advised. In all other respects the judgment is affirmed.

White, P. J., and Doran, J., concurred.