[Civ. No. 683. Fifth Dist. Mar. 1, 1967.]

JOHN J. PETTUS et al., Plaintiffs and Appellants, v. STANDARD CABINET WORKS et al., Defendants and Respondents.

ALFOUE B. BRYANT et al., Plaintiffs and Appellants, v. STANDARD CABINET WORKS et al., Defendants and Respondents.

WILLIAM MILLER et al., Plaintiffs and Appellants, v. STANDARD CABINET WORKS et al., Defendants and Respondents.

(Consolidated Cases.)

Robert A. Kaiser, Jeremiah F. O'Neill, Jr., and John R. Miilu for Plaintiffs and Appellants.

Harold A. Parichan and John H. Krebs for Defendants and Respondents.

GARGANO, J.—This appeal involves three separate law suits (for wrongful death and personal injuries), arising out of the same automobile accident, which were consolidated for trial. Subsequent to the consolidation the defendants Standard Cabinet Works and Howard Whitnah moved for summary judgments and their motions were granted. Accordingly, judgment was entered in favor of the defendants in each consolidated action, and the plaintiffs have appealed. The facts as developed by the respective affidavits are admittedly as follows:

The automobile in which the plaintiffs (and the decedent in the wrongful death action) were riding was violently struck

by a vehicle which left the scene of the accident. The accident occurred at approximately 6:15 a.m. of November 8, 1962, on U.S. Highway 99 outside the town of Livingston in Merced County. The plaintiffs were so seriously injured that no one was able to identify the other vehicle, and there were no other eyewitnesses. However, the investigation made by officers of the California Highway Patrol indicated that the automobile in which plaintiffs were riding was struck by a vehicle, "probably a truck," which left the scene of the accident. Moreover, a detached license plate was found on the shoulder of the highway near the scene of the accident, which was ultimately traced through the State Department of Motor Vehicles to a truck belonging to the defendant Standard Cabinet Works. This defendant had its plant in the City of Los Angeles, and consequently the examination of the truck was made by Sergeant Wallace Richard Waldron of the Los Angeles branch office of the California Highway Patrol. The investigation was made on November 10, 1962, two days after the accident, and it disclosed that a stake pickup truck owned by the defendant Standard Cabinet Works had been driven to Sacramento over U.S. Highway 99 by its employee, defendant Howard Whitnah, around the time of the accident; that during the trip the truck had lost its license plate (the license plate found at the scene of the accident); and that this truck showed no signs of having been in a recent accident or of recent repairs. Specifically, Sergeant Waldron, whose deposition was taken on June 7, 1965, and again on November 16, 1965, testified that he was satisfied that the vehicle inspected by him was the one which had been driven by Howard Whitnah to Sacramento; that it had not been in an accident; and that he could not find a scratch or dent or any other visible evidence that it had been involved in an accident at any time. In a communication which Sergeant Waldron sent to the requesting California Highway Patrol office, he stated that his examination of the vehicle revealed no damage to the front or sides of the vehicle, that no paint transfers were found, that the examination of the underside of the vehicle disclosed no recent repair work had been attempted, and that the vehicle showed no signs of a recent paint job, total or partial.

Apparently no other evidence was uncovered by the California Highway Patrol connecting the defendant Howard W. Whitnah or any truck owned by the defendant Standard Cabinet Works with the accident. And, seemingly, nothing

further was done by the plaintiffs until almost two and one-half years later when the deposition of the defendant Howard W. Whitnah was taken. Whitnah denied that he was involved in the accident and testified that he left Los Angeles on November 8, 1962, around 10 p.m. enroute to Sacramento in a 1958 Chevrolet 3/4 ton stake pickup truck owned by his employer, defendant Standard Cabinet Works; that prior to his arrival in Sacramento the morning of November 9, 1962, and a few miles outside that city, a service station attendant called his attention to the fact that his rear license plate was missing; that he arrived back in Los Angeles late Friday night or early Saturday and returned the vehicle to his employer's plant prior to its inspection Saturday morning, November 10, 1962, by Sergeant Waldron; and that no repairs were made on the pickup after he left Los Angeles for Sacramento and before the vehicle was inspected by Sergeant Waldron.

Before considering plaintiffs' contentions for reversal, a review of the law applicable to summary judgments is in order. Section 437c of the Code of Civil Procedure provides, in part, that: ". . . if it is claimed the action has *no merit*, or that there is no defense to the action, on the motion of either party . . . judgment may be entered, in the discretion of the court unless the other party, by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact. . . ." (Italics added.)

The salient philosophy behind this procedural device is to provide a method for the prompt disposition of actions and proceedings which have *no merit* and in which there is no triable material issue of fact (28 Cal.Jur.2d 666). However, it is drastic in nature, and it should be resorted to sparingly and with great caution (*Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553 [122 P.2d 264]; *Albermont Petroleum, Ltd.* v. *Cunningham,* 186 Cal.App.2d 84 [9 Cal.Rptr. 405]; *Kimber* v. *Jones,* 122 Cal.App.2d 914 [265 P.2d 922]). In fact, if any doubt exists as to whether summary judgment be granted, such doubt should be resolved against the moving party (*Johnson* v. *Banducci,* 212 Cal.App.2d 254 [27 Cal.Rptr. 764]).

On the other hand, a summary judgment is addressed to the sound discretion of the trial court, and if it is clear that the action has *no merit*, and there are no triable material issues which would alter this conclusion, the exercise of that discretion by granting a motion for summary judgment

should not be disturbed on appeal (*Hicks* v. *Bridges,* 152 Cal.App.2d 146 [313 P.2d 15]).

In the instant case, it is evident from the affidavits of the respective parties that there were no eyewitnesses to the accident, and that plaintiffs' evidence is at best highly circumstantial if not entirely speculative. And, significantly, the plaintiffs concede that they have completed all of their discovery proceedings and will have no further evidence to offer or present to a jury if permitted to go to trial. Therefore, in determining whether plaintiffs' action has any merit whatsoever, the question presented in this appeal is whether plaintiffs' evidence, after giving it the benefit of all doubts, inferences and intendments, is sufficient to connect the defendants to the accident. If so, the court improperly granted the defendants' motions for summary judgments. On the other hand, if such evidence is insufficient as a matter of law, it necessarily follows that plaintiffs' case is entirely without merit and the court properly exercised its discretion when it granted the motions.

■ We do not believe that plaintiffs' evidence, as disclosed by their own affidavits, meets the quantum of proof required to establish defendants' liability, nor do we believe that it could properly withstand a motion for nonsuit if the plaintiffs were permitted to go to trial. Consequently, we believe that it would not serve the interests of justice to permit plaintiffs to go to trial; and that the underlying philosophy of Code of Civil Procedure section 437c has been fulfilled. First, there is no evidence connecting the defendants with the accident other than a lost license plate found near the scene of the accident (a license plate, incidentally, which was located at the rear of the truck), and defendant Whitnah's false or mistaken testimony that he did not depart from Sacramento for Los Angeles until the morning of November 8th. Second, there appears to be no positive evidence (such as tire marks) to establish that the vehicle which left the scene of the accident was in fact a truck. Seemingly, the only evidence in this respect is the highly conjectural conclusion of highway patrolman, Officer George Sourhrada, that the vehicle which left the scene was "probably" a truck, mainly because of the physical damage to the plaintiffs' vehicle. Third, there is no evidence that any of the defendants' trucks were involved in an accident or were repaired shortly after the accident in question. To the contrary, for whatever it is worth, the investigation of the Highway Patrol disclosed that

the very truck which was driven by the defendant Whitnah at or about the time of the accident showed no signs of having been in an accident, or having been recently repaired. Hence, when stripped to the essentials, plaintiffs' evidence merely creates a highly suspicious circumstance. To compel a defendant in a personal injury action to go to trial with admittedly this quantum of evidence against him would not only subject the defendant to the wildest speculation by a jury, but it would distort the basic principle which requires a plaintiff to establish liability by a preponderance of the evidence.

Plaintiffs contend that the court improperly granted defendants' motions because the affidavits indicate that there are several triable issues. They point to defendant Whitnah's testimony that he did not leave Los Angeles until the evening of November 8th, which was not possible if the California Highway Patrol officers found the lost license plate on the morning of the same day as they claimed. Thus, they argue that either the defendants are lying or are mistaken, or the officers are lying or are mistaken, and this is an issue of fact to be determined by the trier of fact. Plaintiffs also point to the testimony of Sergeant Waldron that the truck which he inspected was the truck driven by Whitnah on the date of the accident and it was not involved in an accident. They argue that the testimony is ''opinion evidence,'' and that the weight to be given thereto ''is a question of fact exclusively within the province of a jury to decide.''

█ Plaintiffs correctly contend that a motion for summary judgment must be denied if the party opposing the motion presents any facts which give rise to a triable issue (*Stationers Corp.* v. *Dun & Bradstreet, Inc.,* 62 Cal.2d 412 [42 Cal.Rptr. 449, 398 P.2d 785] and *Walsh* v. *Walsh,* 18 Cal.2d 439 [116 P.2d 62]). However, the rule applies only to material issues, i.e., facts which are material to the lawsuit and could change the result one way or the other if resolved in favor of one side or the other. As we have stated, even if we assume that defendant Whitnah lied, plaintiffs' evidence still would not meet the quantum of proof required to establish liability, and thus could not change the result of the law suit one way or the other. This is equally true of the ''opinion evidence'' of Sergeant Waldron. In other words, even if the objectionable conclusions of Sergeant Waldron are eliminated, there is still no evidence that the truck which he examined was not the proper truck, or that any other truck belonging to the defendant Standard Cabinet Works was involved in an

accident. Moreover, Sergeant Waldron's testimony indicates that an investigation was made by the Highway Patrol, and that this investigation uncovered no damaging evidence against the defendants. This factor alone mitigates against the plaintiffs, for the Highway Patrol was investigating a hit and run accident and the trial judge could assume that it was diligent in its efforts to solve the crime.

For the foregoing reasons, we conclude that the trial court did not abuse its discretion when it granted defendants' motions for summary judgments, and in granting such judgments.

Accordingly, the judgments are affirmed.

Conley, P. J., concurred.

A petition for a rehearing was denied March 28, 1967. Stone, J., did not participate therein. Appellants' petition for a hearing by the Supreme Court was denied April 26, 1967. Peters, J., was of the opinion that the petition should be granted.