[Civ. No. 45783. Second Dist., Div. Two. Feb. 24, 1976.]

ELAINE HARRIS, Plaintiff and Appellant, v.
HENRI DE LA CHAPELLE et al., Defendants and Respondents.

**COUNSEL**

William Jerome Pollack for Plaintiff and Appellant.

Herbert H. Hiestand, Jr., Haight, Lyon, Smith & Dickson and Roy G. Weatherup for Defendants and Respondents.

## OPINION

ROTH, P. J.—Elaine Harris, appellant herein, is the plaintiff in an action for damage suffered as a result of personal injuries filed in the Superior Court of Los Angeles County originally embracing 24 defendants. Appellant's brief states that the action has been settled or dismissed as to 17 of the original defendants. Respondents Harry F. and Grace C. Worthington (Worthington) and Edna Harrison are three of the remaining seven defendants; the other defendants are not before this court. Each of the three respondents on their respective motions obtained a summary judgment in their favor. This appeal treats only appellant's appeal from the said summary judgments.

The motions were based upon declarations and depositions which show the following facts:

Sixth Street runs generally east and west in the City of Los Angeles. It is intersected at right angles by Bronson Avenue which runs north and south. Between Fifth and Sixth Streets Bronson Avenue is about 25 feet wide and has a length of about 540 feet. Respondents are property owners on Bronson Avenue between Fifth and Sixth Streets. The property of each owner fronts on the east side of Bronson facing west but each such owner owns a strip of land directly across the street from their homes on the west side of Bronson Avenue (Bronson West) which has a shallow depth but which is exactly the same width as that of the lot upon which their respective houses are constructed.

Each of the owners of property on Bronson Avenue maintains his own section of the hedge maintained on Bronson West between Fifth and Sixth Streets. The hedge is 9 to 10 feet high and extends into the street approximately 6 feet. (See appendix, p. 649)

A stop sign for traffic on Bronson is maintained at the corner of Sixth Street and Bronson. The sign is 9 feet high and 10 feet north of the intersection. It is partially surrounded by hedge.

At about 2 o'clock in the morning of January 23, 1972, appellant was driving east on Sixth Street. At the same time defendant Sunday was operating his automobile south on Bronson Avenue. It was dark and Sunday was unfamiliar with Bronson Avenue. Since there were cars parked on the east side of Bronson, the side opposite the hedge, Sunday was driving his car in the middle of the street, but close to the west curb where the hedge was located.

Because of the overhang into the street of the entire 500-foot hedge on Bronson, Sunday was not able to and failed to timely see the stop sign or the intersection and as a result he did not make a stop and ran into appellant's car which had just entered the intersection.

Appellant sued Sunday, the City of Los Angeles, and all of the owners of property on Bronson Avenue between Fifth and Sixth Street.

In *Pittman* v. *Pedro Petroleum Corp.* (1974) 42 Cal.App.3d 859, 862 [117 Cal.Rptr. 220], the court stated: "Summary judgment procedure is authorized by Code of Civil Procedure section 437c. While it is true, as stated by plaintiffs, that the remedy of summary judgment has been characterized as being a 'drastic procedure to be used sparingly and with circumspection' [citation] and that the burden is on the moving party to establish that the action is without merit [citations], where there is no material issue of fact to be tried and the sole question before the trial court is one of law as to whether the claim of the moving party is tenable on the undisputed facts, it is the duty of the trial court on a motion for summary judgment to hear and determine the issue of law. [Citation.]"

The trial court concluded from declarations, depositions, and demonstrable facts before it, that none, of the respondents here involved owed any duty to appellant; and, arguendo, if there were a duty, the breach thereof could not have been the proximate cause of the accident. We agree.

In *Dillon* v. *Legg* (1968) 68 Cal.2d 728, 734 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316], the court stated: " ' . . . It [duty] is a shorthand statement of a conclusion, rather than an aid to analysis in itself. . . . But it should be recognized that "duty" is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.' " ■ The principal considerations to consider in imposing a duty are the foreseeable harm to the plaintiff, the burden upon the defendant, the closeness between defendant's conduct and the plaintiff's injury, the moral blame attached to the defendant's conduct and the policy of preventing future harm. (*Rowland* v. *Christian* (1968) 69 Cal.2d 108, 112-113 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496].)

■ The question of whether a duty exists is essentially a question of law, except where the existence of the duty turns on foreseeability. This is so even where reasonable minds could differ as to whether a duty should be imposed. (*Schauf* v. *Southern Cal. Edison Co.* (1966) 243

Cal.App.2d 450, 458 [52 Cal.Rptr. 518].) In the situation where a landowner is involved the law in this state appears to be that in an urban setting, such as at bench, a landowner is liable for conditions occurring where he fails to exercise reasonable care to present an unreasonable risk of harm to users of the highway from trees on his property. (*Wisher* v. *Fowler* (1970) 7 Cal.App.3d 225, 228 [86 Cal.Rptr. 582]; cf. *Coates* v. *Chinn* (1958) 51 Cal.2d 304 [332 P.2d 289].)

■    However, appellant at bench seeks to impose a duty on property owners who could not have controlled the actions of either the City of Los Angeles or the owner of the hedge which obscured the stop sign. At bench one of the property owners has his property about 355 feet from the stop sign and over 365 feet from the intersection. The property of the other respondents is at least 75 feet away from the stop sign and 85 feet from the intersection. Balancing all of the factors that the court in *Rowland* v. *Christian, supra,* 69 Cal.2d 108, 112-113, requires us to do, we are compelled to come to the conclusion that this particular plaintiff was not entitled to protection from the actions of respondents. (*Dillon* v. *Legg, supra,* 68 Cal.2d 728, 734.) Since this determination is a question of law (*Schauf* v. *Southern Cal. Edison Co., supra,* 243 Cal.App.2d 450, 458), there remain no material triable issues and the granting of summary judgment was proper. (*Pettus* v. *Standard Cabinet Works* (1967) 249 Cal.App.2d 64, 69 [57 Cal.Rptr. 207].)

The judgments in favor of Harry F. and Grace C. Worthington and Edna A. Harrison are affirmed.

Fleming, J., and Compton, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 22, 1976.

APPENDIX

Diagram of Bronson and Sixth Streets