[Civ. No. 51994. Second Dist., Div. Four. Aug. 9, 1978.]

JOY GIBSON, as Administrator, etc., Plaintiff and Appellant, v.
CITY OF PASADENA, Defendant and Respondent.

652

## COUNSEL

Fox, Gibson & Moseley, Fox & Gibson and James L. Gibson for Plaintiff and Appellant.

Evelynn M. Finn, City Attorney, Hahn & Hahn, David K. Robinson and Susan T. House for Defendant and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—Plaintiff appeals from an order of dismissal following the granting of defendant's demurrer giving plaintiff 30 days to amend. For the reasons set forth below, we reverse the order of dismissal.[1]

---

[1]Plaintiff chose to take the dismissal, since the trial court's finding of immunity for the defendant precluded any possibility of stating a cause of action.

## STATEMENT OF FACTS

There is no dispute as to the material facts.[2]

Plaintiff, as administrator of decedent's estate filed a wrongful death action against the City of Pasadena.[3] The facts giving rise to this action are as follows:

At approximately 11:30 p.m., on April 1, 1976, two Pasadena police officers were on patrol in a Pasadena police car equipped with red lights and siren. While eastbound on Colorado Boulevard, they observed a 1964 automobile driven by Keith Brian Spratling heading westbound on Colorado Boulevard run a red traffic signal then in operation. The officers made a U-turn and pursued the aforesaid vehicle. Another police car joined in the pursuit in which Spratling's vehicle was moving in excess of 100 miles per hour.[4]

The pursuit culminated when Spratling's vehicle crashed into decedent's vehicle causing it to run into a third vehicle.[5] At the time of impact the closest police vehicle was approximately 300 feet behind Spratling.

## ISSUES PRESENTED

On appeal, several contentions are raised by the respective parties. Preliminarily, we note that, in the instant case, we must premise our decision on accepting the plaintiff's allegations of negligence as true in determining whether the trial court correctly granted defendant's demurrer. Therefore, assuming arguendo that the police officers were negligent in their pursuit, we are faced with the following issues:

(1) Whether employer municipality is immune from liability for the negligence of its employee where the employee himself is immune from liability?

---

[2] With the important exception of plaintiff's allegations of negligence on the part of the police officers.

[3] Plaintiff chose not to name the individual police officers as defendants.

[4] The chase went through approximately 25 intersections; 12 of which were controlled by traffic signals all alleged to have been red. It is uncontroverted that the police cars were operating their red lights and siren.

[5] There are no claims made of negligence on the decedent's part.

(2) Whether the driver of an authorized emergency vehicle must act as a reasonably prudent person under the circumstances?

(3) Assuming there is not an applicable *specific* statutory immunity, whether the negligent pursuit of a suspect is a discretionary act thus entitled to a grant of *general* immunity?

## I

Turning to the first issue, it appears that there is no real dispute as to the liability of the public entity for the negligence of its employee even though the employee is himself immune. Both parties concede that the general rule is governmental immunity, *unless* there is an applicable specific statutory provision to the contrary. Defendant asserts that there is not. We disagree.

■ We approach the case at bench in light of the well-settled rule that "There is no common law governmental tort liability in California; and except as otherwise provided by statute, there is no liability on the part of a public entity for any act or omission of itself, a public employee, or any other person." (*Cowing* v. *City of Torrance* (1976) 60 Cal.App.3d 757, 761 [131 Cal.Rptr. 830].)

■ The general rule of governmental immunity is set forth in California Government Code, section 815 which states:

"Except as otherwise provided by statute:

"(a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

"(b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person."

However, the immunity granted public entities is not as all-encompassing as first appears. The Legislative Committee Comment to section 815 clarifies the impact of the section. "In other codes there are a few provisions providing for the liability of governmental entities, *e.g., Vehicle Code Section 17001 et seq. . . . .*" (Italics added.) The comment

goes on to state that "In general, the statutes imposing liability are cumulative in nature, i.e., if liability cannot be established under the requirements of one section, liability will nevertheless exist if liability can be established under the provisions of another section."

California Vehicle Code section 17004 provides: "A public employee is not liable for civil damages . . . resulting from the operation, in the line of duty, of an authorized emergency vehicle while responding to an emergency call. . . ."

However, California Vehicle Code section 17001 specifically states: "A public entity is liable for the death or injury to person or property proximately caused by a negligent or wrongful act or omission in the operation of any motor vehicle by an employee of the public entity acting within the scope of his employment."

The Law Revision Commission comment that follows section 17001 uses even stronger language.[6] "The Governmental Liability Act specifically imposes liability on public entities for the intentional as well as the negligent torts committed by public employees in the scope of their employment. *This amendment removes any doubt which may exist concerning the applicability of this principle to torts involving the operation of motor vehicles.*" (Italics added.)

In *Reenders* v. *City of Ontario* (1977) 68 Cal.App.3d 1045, 1052 [137 Cal.Rptr. 736], the court, although rejecting plaintiff's argument, stated: "Section 17001 tells us that a municipality may be liable for injury caused by 'a negligent . . . act or omission in the operation of a motor vehicle,' but it does not tell us what constitutes negligence. The answer to that question is left to judicial decision."

Thus, the clear import of the applicable code sections is that, while the employee may be immune under one section, the cloak of immunity does not necessarily extend to the municipal employer.[7]

---

[6]"The Law Revision Commission's reports, and comments taken therefrom, are entitled to substantial weight in construing the statutes. (*Van Arsdale* v. *Hollinger* (1968) 68 C.2d 245, 249, 66 C.R. 20, 437 P.2d 508)" (4 Witkin, Summary of Cal. Law, (8th ed. 1974) Torts, § 81, p. 2387.)

[7]See *Torres* v. *City of Los Angeles* (1962) 58 Cal.2d 35 [22 Cal.Rptr. 866, 372 P.2d 906], *infra*, at pages 657-658.

## II

Having determined that a public entity can be held liable for the negligence of its employee, we turn to the second issue raised. Plaintiff contends that the driver of an authorized emergency vehicle must act as a reasonable man under the circumstances. This contention has merit.

In opposition, defendant vigorously argues that California Vehicle Code, section 21055 controls the case at bench. This section sets out the exemptions from various traffic laws available to authorized emergency vehicles.[8] Subdivision (a) states under what conditions the exemption is available. "(a) If the vehicle is being driven in response to an emergency call or while engaged in rescue operations or is being used in the immediate pursuit of an actual or suspected violator of the law. . . ."

Defendant is correct insofar as the operation of the vehicle was exempt from various traffic laws. However, defendant's argument ignores statutory and case law as to the scope and effect of the exemption.

■ California Vehicle Code section 21056 explicitly sets out the scope of the exemption provided for in section 21055. "*Section 21055 does not relieve* the driver of a vehicle from the duty to drive with due regard for the safety of all persons using the highway, nor protect him from the consequences of an arbitrary exercise of the privileges granted in that section." (Italics added.)

Thus, a reading of section 21055, in conjunction with section 21056, indicates that the Legislature specifically did not intend to relieve the driver of an emergency vehicle from any and all negligence in the operation of that vehicle.

The California Supreme Court in *Torres* v. *City of Los Angeles* (1962) 58 Cal.2d 35 [22 Cal.Rptr. 866, 372 P.2d 906], specifically disapproved prior holdings that emergency vehicles had a general exemption from the rules of the road in addition to the specific statutory exemptions.

In *Torres, supra,* the defendant city argued that, under Vehicle Code section 454 (precursor of § 21055) no liability could be imposed on it for the negligent operation of an emergency fire engine since it was responding to an emergency and had given the required warning of siren

---

[8]The exemptions apply to driving on the right side of the road, observing red lights, etc.

and lights. The court in rejecting this argument stated (at pp. 47-48): "We can attribute to the legislative intent, in addition to the requirement of an adequate warning to others using the highway, the further requirement that the driver of an emergency vehicle exercise that degree of care which, under all the circumstances, would not impose upon others an unreasonable risk of harm. In short the statute exempts the employer of such a driver for negligence attributable to his failure to comply with specified statutory provisions, but it does not in any manner purport to exempt the employer from liability due to negligence attributable to the driver's failure to maintain that standard of care imposed by the common law. . . .

"That standard of conduct which is reasonable under all the circumstances must, of course, take into consideration the unusual circumstances confronting the driver of an emergency vehicle, that is, the emergency which necessitates immediate action and the duty imposed upon the driver to take reasonable, necessary measures to alleviate the emergency."

Plaintiff simply contends that, under the circumstances, the police officers were negligent in pursuing a suspect, wanted solely for a traffic infraction, on city streets at speeds in excess of 100 miles per hour.

Further support for plaintiff's position is found in the recent case of *Grant v. Petronella* (1975) 50 Cal.App.3d 281, 286 [123 Cal.Rptr. 399]: "If the driver of an authorized emergency vehicle is responding to an emergency call and gives the prescribed warnings by red light and siren, a charge of negligence against him may not be predicated on his violation of the designated Vehicle Code sections [citation]; but if he does not give the warnings, the contrary is true [citations]; *and in the event the charged negligence is premised on conduct without the scope of the exemption a common law standard of care is* applicable [citation]." (Italics added.)

It thus appears that the police officers in the instant case must act as reasonably prudent persons under the circumstances. Plaintiff's complaint appears sufficiently to allege negligence on the part of the defendant's employees in failing to maintain the requisite standard of care under the circumstances. Consequently, unless the defendant can successfully assert immunity on some other basis, the demurrer was improperly sustained.

## III

Having determined that the defendant was not protected by any specific statutory grants of immunity, the dispositive issue becomes as follows: Whether the alleged negligent pursuit by the defendant's police officers was a protected discretionary act or an unprotected ministerial act? We find that, on the facts here presented, plaintiff's complaint sufficiently alleges that the conduct complained of was a ministerial act and thus not entitled to a general grant of immunity.

Defendant relies upon the general immunity granted discretionary acts in Government Code section 820.2, which reads as follows: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

 As previously stated, California Government Code section 815.2 provides in pertinent part that, unless there is a statute to the contrary, a public entity is immune where the employee is immune from liability. Since none of the exceptions are applicable here, a finding that the complained of act was discretionary in nature would effectively shield the defendant from liability.[9]

 There is apparently no disagreement as to the immunity from liability of the defendant if the accident was the result of a discretionary act. However, a plaintiff argues that the police officers' initial decision to pursue was the discretionary act while the alleged negligent pursuit was a ministerial act in implementation of the original discretionary act. Thus, since the accident was the result of a ministerial act, the police officers are not immune under section 820.2 and consequently the defendant is not entitled to immunity.

On the other hand, defendant contends that "there was an ongoing decision-making process required of the police officers. Respondent submits that the decision to continue pursuit was as discretionary a decision as the initial decision to pursue."

We note at the onset that, at this time, there do not appear to be any California cases imposing liability on a defendant city for injuries

---

[9]It is well-settled that if the employee was acting in a discretionary capacity that the public employer is also immune from liability.

resulting from the police pursuit of a criminal suspect while using emergency lights and siren.[10] However, on the facts before us, we think that the case at bench properly falls within the guidelines enumerated by our Supreme Court in determining what conduct is not protected by discretionary immunity.

The court in *Johnson* v. *State of California* (1968) 69 Cal.2d 782 [73 Cal.Rptr. 240, 447 P.2d 352], was faced with the issue of whether negligently failing to warn a foster mother of homicidal tendencies of a California Youth Authority parolee placed in her home was a protected discretionary act. After acknowledging the difficulty inherent in mechanically drawing a line between a discretionary and a ministerial act the court stated the following:

"[A]lthough a basic policy decision (such as standards for parole) may be discretionary and hence warrant governmental immunity, subsequent ministerial actions in the implementation of that basic decision still must face case-by-case adjudication on the question of negligence. Indeed, most of these cases, like the instant situation, involve failure to warn of foreseeable, latent dangers flowing from the basic, immune decision. [Fn. omitted.]

"In sum, the instant fact situation presents no reason for sovereign immunity; not only does the officer's decision as to warnings fail to rise to the level of governmental decisions calling for judicial restraint, but also the state failed to prove that the officer consciously considered the risks to plaintiff and determined that other policies justified them." (*Johnson, supra,* 69 Cal.2d at p. 797.)

In the instant case, the police officers observed a car run a red light. The driver was wanted solely for a traffic infraction. The police officers exercised their own judgment and discretion in determining to stop him. Plaintiff alleges that the actual pursuit was the implementation of the basic discretionary decision to pursue. In carrying out their ministerial acts, the police officers owed a duty of care to the general public. It would appear that it is reasonably foreseeable to expect a 100-mile-per-hour chase through city streets to culminate in an accident. However, it is for the trier of fact to determine if such conduct amounts to negligence under the circumstances.

---

[10]See footnote 11.

Further support for plaintiff's position is found in *McCorkle* v. *City of Los Angeles* (1969) 70 Cal.2d 252 [74 Cal.Rptr. 389, 449 P.2d 453], which involved a policeman's negligent investigation of a traffic accident during which plaintiff was struck by a car driven by a third party. The court rejected the claim of discretionary immunity and imposed liability on the defendant public entity. "[C]lassification of the act of a public employee as 'discretionary' will not produce immunity under section 820.2 if the injury to another results, not from the employee's exercise of 'discretion vested in him' to undertake the act, but from his negligence in performing it after having made the discretionary decision to do so." (*McCorkle, supra,* at p. 261 citing *Johnson, supra* [69 Cal.2d 782], and *Sava* v. *Fuller* (1967) 249 Cal.App.2d 281 [57 Cal.Rptr. 312].)

Defendant relies upon two recent appellate decisions to bring the case at bench within the purview of section 820.2. The factual background of both these cases appears to be almost identical with the instant case in that they each involve a police pursuit in which the pursued vehicle collides with plaintiff's vehicle.

*Bratt* v. *City and County of San Francisco*[11] (1975) 50 Cal.App.3d 550 [123 Cal.Rptr. 774], was an appeal from a judgment of nonsuit. The trial court was affirmed on the basis of defendants' immunity under Vehicle Code section 17004 and Government Code section 820.2. However, this case is inapplicable to the present situation in that, in *Bratt, supra,* the sole allegation of negligence was in the police officers' *decision to pursue not the actual pursuit.* This is clearly a discretionary decision and consequently immune. In the case at bench, plaintiff has alleged negligence *in the actual pursuit.* Based on the present facts, this could be classified as ministerial and thus not entitled to a general grant of immunity.

*Reenders* v. *City of Ontario, supra,* 68 Cal.App.3d 1045, also initially appears to be strong support for defendant's position. Unlike *Bratt, supra,* 50 Cal.App.3d 550, plaintiff apparently alleged negligence in the pursuit also. On appeal, a summary judgment in favor of defendant municipality

[11]It is interesting to note that the *Bratt* court refused to follow *Myers* v. *Town of Harrison* (2d Cir. 1971) 438 F.2d 293, on the ground that it would create a conflict in the California decisions. *Myers* is almost totally on point with the instant case. It involved the pursuit of a traffic violator through residential streets at speeds in excess of 100 miles per hour, culminating in a collision with plaintiff's vehicle. Even though there was a statute similar to 820.2, the Court of Appeals affirmed a judgment holding the police liable.

was affirmed. This case is also clearly distinguishable from the instant situation in several particulars.

The facts in *Reenders, supra,* 68 Cal.App.3d 1045, show that the police were pursuing a suspect wanted for assault with a deadly weapon and misdemeanor hit and run driving, far more serious than a traffic infraction.

In the instant case, plaintiff alleges that the officers' pursuit caused the suspect to drive at faster and faster speeds. In *Reenders, supra,* the police officer specifically did *not* initiate a pursuit initially because of the "congested traffic conditions and because Scarsella had traveled too far by the time Cypher got started." (*Reenders, supra,* at p. 1048.) In fact, it was not until the suspect (Scarsella) had run a red light and been weaving dangerously in and out of traffic that a pursuit was initiated. Additionally, the court specifically stated that, in their opinion, the collision was not necessarily a result of the officer's conduct in pursuing the suspect.

*Reenders, supra,* is further distinguishable on the basis that it was an appeal from a summary judgment, while we are presently concerned with whether plaintiff has stated a sufficient cause of action merely to get past a demurrer.

In reference to section 820.2, the court in *Sava v. Fuller, supra,* 249 Cal.App.2d at p. 291, stated: "Section 820.2 of the Government Code is a section of general application. To apply it too literally in favor of granting immunity to public entities and employees would be to reinstate many of the injustices meant to be rectified by *Muskopf, supra* [55 Cal.2d 211 (11 Cal.Rptr. 89, 359 P.2d 457)]. The California Tort Claims Act was carefully drafted. It draftsmen carefully preserved *specific* immunities. Sections 854.8, 540.2, and 850.4 are typical examples. The attempt to make section 820.2 a catchall section broadly encompassing every judgment exercised at every level would be—to borrow the language of Justice Frankfurter in *Indian Towing Co., supra,* (at p. 65 of 350 U.S. [100 L.Ed. 48, 53-54, 76 S.Ct. 122])—to make the act 'self-defeating by covertly embedding the casuistries' of some of the pre-*Muskopf* cases." (Italics in original.)

Without deciding in any way the merits of the plaintiff's case, we reverse the order of dismissal and the order granting defendant's

demurrer to plaintiff's complaint. This is simply a case where "too much has been decided too soon."

Jefferson (Bernard), J., and Goertzen, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 20, 1978. Clark, J., Richardson, J., and Manuel, J., were of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.