[Civ. No. 44644. First Dist., Div. Three. Jan. 2, 1980.]

EDWARD DUARTE, Plaintiff and Appellant, v.
CITY OF SAN JOSE et al., Defendants and Respondents.

COUNSEL

Thorne, Clopton & Herz, William H. Clopton and Huali G. Chai for Plaintiff and Appellant.

Robert J. Logan, City Attorney, and Mary Jo Levinger, Deputy City Attorney, for Defendants and Respondents.

**OPINION**

**SCOTT, J.**—Plaintiff Edward Duarte appeals from summary judgment in favor of defendants City of San Jose and three San Jose police officers, Christopher Green, Richard Daulton, and Victor Cardozo.

In this case we must determine whether a public entity may be held liable pursuant to Vehicle Code section 17001 for injury caused by a public employee's negligent operation of a motor vehicle, notwithstanding Government Code section 845.8, subdivision (b), which immunizes public entities and employees from liability for injury caused by an escaping arrested person. We must also determine whether a police officer's duty to operate his police vehicle with due care encompasses a duty to third persons such as plaintiff not to leave that vehicle unattended under circumstances which invite theft and flight.

On April 25, 1975, Officer Green stopped a vehicle for speeding and concluded that its driver was intoxicated. After conducting sobriety tests, he arrested that driver, Ernest Villalovos, for drunk driving. He handcuffed Villalovos and placed him in the rear of his police car. Villalovos complained that the cuffs were painful. As Villalovos had been cooperative, and appeared "all but incapacitated by intoxication," the officer removed the cuffs. Officer Green then pushed down both locks of the vehicle, placed it in "Park," and went to help another officer move Villalovos' car. Villalovos got out of the back seat of the police car, walked around to the driver's seat, got in, and sped off. At least two other police cars pursued him at speeds up to 65 miles per hour. They lost sight of him briefly, then found the stolen police car stopped on a parking strip against a fence. The car had struck and seriously injured Duarte, who was mowing the lawn in his front yard.

Duarte brought this action for personal injuries against the City of San Jose, three police officers, and Villalovos, in which he alleged in part that the officers were negligent both in leaving Villalovos unattended in the police car, and in the conduct of the chase.

The City of San Jose and the three officers moved for summary judgment on alternative grounds: 1) both the city and the police officers were immune from liability; and 2) neither city nor officers owed plaintiff a duty under the circumstances. The trial court's memorandum of decision suggests that it relied on both grounds; that memorandum cites Government Code section 845.8, subdivision (b) and *County of Sacramento* v. *Superior Court* (1972) 8 Cal.3d 479 [105 Cal.Rptr. 374, 503 P.2d 1382], which relate to governmental immunity, and *Reenders* v. *City of Ontario* (1977) 68 Cal.App.3d 1045 [137 Cal.Rptr. 736], which holds that police have no duty not to pursue a lawbreaker.

Duarte contends that neither the police nor the city were immune, that the police owed him a duty of care, and that summary judgment was improper because questions of fact remain as to breach of that duty and proximate cause.

## I. *City of San Jose's Statutory Liability*

We first consider appellant's contention that the respondents are not immune.

### A. *Tort Claims Act*

■ In California all government tort liability must be based on statute. (Gov. Code, § 815; see *Susman* v. *City of Los Angeles* (1969) 269 Cal.App.2d 803, 808 [75 Cal.Rptr. 240].) Government Code section 810 et seq., referred to as the California Tort Claims Act of 1963, generally define the liabilities and immunities of public entities and public employees. While the act is the principal source of such liabilities, other statutory sources exist. (Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar 1964 and Supp. 1969) § 5.7.)

■ Government Code section 815.2, subdivision (a) provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment, if the act or omission would give rise to a cause of action against that employee. The liability of a public employee is subject to numerous statutory limitations, among them section 820.2, which immunizes the employee from injury resulting from an act which was the result of the exercise of discretion vested in him. In contrast, certain "ministerial" acts of public employees are unprotected. (*Johnson* v.

*State of California* (1968) 69 Cal.2d 782, 793 [73 Cal.Rptr. 240, 447 P.2d 352].)

Appellant contends that the police officers' actions here were negligent ministerial acts for which they may be held liable, and for which the city may be held vicariously liable. However, Government Code section 845.8, subdivision (b) provides in pertinent part that neither a public entity nor a public employee is liable for an injury caused by an escaping prisoner, an escaping or escaped arrested person, or a person resisting arrest.[1] ■ The immunity provided by section 845.8, subdivision (b) is absolute in that it encompasses both discretionary and ministerial acts or omissions of public entities and public employees. (*County of Sacramento v. Superior Court* (1972) 8 Cal.3d 479, 485 [105 Cal.Rptr. 374, 503 P.2d 1382].) Therefore, both the City of San Jose and its officers are immune from any liability imposed by the Tort Claims Act.

### B. *The Vehicle Code*

■ Relying on *Brummett v. County of Sacramento* (1978) 21 Cal.3d 880 [148 Cal.Rptr. 361, 582 P.2d 952], appellant then contends that respondent City of San Jose can be held liable pursuant to Vehicle Code section 17001, which provides: "A public entity is liable for death or injury to person or property proximately caused by a negligent or wrongful act or omission in the operation of any motor vehicle by an employee of the public entity acting within the scope of his employment."

In *Brummett* two patrol officers, driving in high speed pursuit of a suspected felon, hit a vehicle in an intersection while traveling in excess of 80 miles per hour (m.p.h.). The injured victim brought an action against both the officers and the County of Sacramento. The court first stated that the individual officers were exempt from liability pursuant to Vehicle Code section 17004, which immunizes a public employee in immediate pursuit of an actual or suspected violator of the law. The

---

[1]Section 845.8 provides: "Neither a public entity nor a public employee is liable for: (a) Any injury resulting from determining whether to parole or release a prisoner or from determining the terms and conditions of his parole or release or from determining whether to revoke his parole or release. (b) Any injury caused by: (1) An escaping or escaped prisoner; (2) An escaping or escaped arrested person; or (3) A person resisting arrest."

court then acknowledged Government Code section 815.2, subdivision (b): *"Except as otherwise provided by statute,* a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." (Italics added.) Emphasizing the underscored language, the court held that consistent with section 815.2, subdivision (b), and notwithstanding the officers' immunity, the city could be held liable for the officers' negligence pursuant to Vehicle Code section 17001. The court reversed summary judgment, stating that whether the officers exercised the due care of a reasonable, prudent emergency driver under the circumstances was a question of fact for the jury. (*Brummett, supra,* 21 Cal.3d at p. 886.)

While *Brummett* clarified one aspect of Vehicle Code liability and Tort Claims Act immunity, it does not resolve the problem presented here. In *Brummett* the drivers of the vehicles which struck the victim were the police, not escaping arrestees; therefore, the relationship between the liability of public entities for torts involving the operation of motor vehicles and their immunity from liability for injury caused by an escaping arrestee was not involved.

*Gibson* v. *City of Pasadena* (1978) 83 Cal.App.3d 651 [148 Cal.Rptr. 68], decided two weeks before *Brummett,* is factually closer to this case. In *Gibson,* two police cars pursued a vehicle which had run a red light. At times during the chase the fleeing auto sped in excess of 100 m.p.h.; the police cars followed. The fleeing vehicle crashed into another car, killing at least one person. A wrongful death action was brought against the City of Pasadena, alleging the police officers were negligent in their pursuit. The trial court sustained the city's demurrer, and dismissed. Foreshadowing *Brummett,* the *Gibson* court reversed, and held the city could be held liable pursuant to Vehicle Code section 17001 if the officers were negligent, and that their negligence was a question for the trier of fact. While the vehicle which collided with the decedent's was driven by the fleeing lawbreaker, not the police, there was no reference by the court to any Government Code section 845.8 immunity. On the contrary, the court stated that the city was not protected by *"any* specific statutory grants of immunity." (83 Cal.App.3d at p. 659, italics added.) However, as the court did not expressly discuss section 845.8, and as it may be that the statute was simply overlooked, we cannot regard *Gibson* as definitive authority for appellant's contention.

To resolve this issue, we first look to the language of the Tort Claims Act itself. We note that Government Code section 815, subdivision (b) provides that the liability *"established by this part* (commencing with Section 814) is subject to *any* immunity of the public entity provided by statute, including this part..." (Italics added.) No similarly explicit language declares that the liabilities imposed *outside the Tort Claims Act* are subject to *any* immunity established by the act. The commentator Van Alstyne has suggested two resolutions to problems resulting from that lack of specificity. The first approach, which has since been used by the *Brummett* court, is to look to the introductory clause of Government Code section 815.2, subdivision (b), which qualifies the derivative immunity of a public entity by giving it effect "except as otherwise provided by statute." However, the language of Government Code section 845.8 and Vehicle Code section 17001 makes such a resolution impossible in this case. Each statute is stated in absolute terms; neither is prefaced by "except as otherwise provided by statute," or any other qualifier. The second approach, and the one which we apply in this case, is to consider whether the liabilities imposed by legislation outside the 1963 act serve a purpose that is frustrated by an immunity under the act. If so, Van Alstyne suggests, and we agree, that it is reasonable to conclude that the statutory liabilities must prevail. (See Van Alstyne, Cal. Government Tort Liability, *supra,* § 5.28.)

The apparent purpose of Vehicle Code section 17001 is to hold a public entity financially accountable for its employees' torts committed with a motor vehicle during the scope of their employment. In this case, had one of the officers himself negligently driven his police car and struck plaintiff, the city would be liable according to section 17001 as construed in *Brummett.* Appellant contends that the officers negligently operated vehicles both in leaving one vehicle unattended with Villalovos inside, and then in driving other vehicles in high speed pursuit. To immunize that alleged negligence because it was Villalovos who actually was at the wheel of the car which collided with plaintiff would thwart the purpose of section 17001.

We also consider the public policy underlying the enactment of Government Code section 845.8, as articulated in the Law Revision Commission comment to that section: "The extent of the freedom that must be accorded to prisoners for rehabilitative purposes and the nature of the precautions necessary to prevent escape of prisoners are matters that should be determined by the proper public officials unfettered by any fear that their decisions may result in liability."

A colorable argument can be made that what is involved here is just what the statute was enacted to immunize: a decision as to the proper precautions necessary to prevent escape. However, *NeCasek v. City of Los Angeles* (1965) 233 Cal.App.2d 131 [43 Cal.Rptr. 294], provides some refinement of that public policy. In that case the court considered whether police officers would be held liable for injury caused by escaping arrestees who fled *on foot* and knocked a woman down. At the time section 845.8 only immunized from liability for injuries caused by an escaped *prisoner*. Therefore, the court looked to public policy considerations to determine whether the officers' failure to sufficiently physically restrain the arrestees was an immune discretionary act. The court concluded that to impose such liability would be to encourage too much force in order to forestall such claims. "A rule of law which may encourage police brutality is not desirable." (*Id.*, at p. 137.)

What is alleged here is not that the police used insufficient force to restrain Villalovos, but rather that they negligently operated police vehicles. To hold that the city is not immune from liability under these facts does not offend any policy served by section 845.8. Imposition of liability will not encourage police brutality but instead will simply foster at least minimal precautions to prevent flight in a stolen police car.

We therefore conclude that under the facts of this case, Government Code section 845.8, subdivision (b) does not shield the City of San, Jose from liability, and that the trial court erred in granting summary judgment for the city on the grounds of statutory immunity.

■ Even though Government Code section 845.8 does not immunize San Jose here, plaintiff must nonetheless state facts sufficient to bring this action within the scope of Vehicle Code section 17001, which imposes liability for injury caused by a negligent act or omission *in the operation of a motor vehicle*. First, it is unquestionable that after *Brummett,* plaintiff may challenge the officers' conduct of the chase pursuant to Vehicle Code section 17001. Second, to be in operation within the meaning of section 17001, the vehicle must be in a "state of being at work" or "in the active exercise of some specific function." (See *Marshall* v. *County of Los Angeles* (1955) 131 Cal.App.2d 812, 814 [281 P.2d 544] [construing Veh. Code, § 400, predecessor of § 17001].) However, a vehicle need not be moving to be in operation within the meaning of the statute. (See e.g., *Reed* v. *City of San Diego* (1947) 77 Cal.App.2d 860, 863 [177 P.2d 21] [police car temporarily parked at night partially on highway with headlights dimmed].)

One function of a police vehicle is to transport arrested persons to jail. Here the arrested man had been placed in the rear of the car. Its motor was apparently running, which suggests that the officer was about to transport Villalovos when he was interrupted by his colleague's difficulty with Villalovos' car. Under the circumstances, we conclude that the car was "in a state of being at work" and therefore in operation within the meaning of the statute.

## II. *Respondents' Duty of Care*

■ Respondents argue that if the city is not immune pursuant to Government Code section 845.8, subdivision (b), neither the city nor the police were negligent because neither owed a duty to this appellant under these facts.

According to *Brummett, supra,* 21 Cal.3d 880 at page 886, a police officer pursuing a suspected felon has a legal duty to drive in such a manner as to not impose on others unreasonable risk of harm. Whether that duty has been breached is a question of fact for the jury.

The only remaining question, therefore, is whether an officer also has a legal duty to third persons, such as appellant, to exercise due care in operating a police vehicle in order to protect against injuries caused by the negligent driving of someone who steals that vehicle. The question of whether a legal duty exists is a question of law. (*Harris v. De La Chapelle* (1976) 55 Cal.App.3d 644, 647 [127 Cal.Rptr. 695].) (7) A duty to protect third persons from unreasonable risk of injury may include a duty to protect against the misconduct of another individual. "'If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby.' [Citations.]" (*Richardson v. Ham* (1955) 44 Cal.2d 772, 777 [285 P.2d 269].)

■ To decide whether a legal duty existed here, we must consider "'the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.'" (*Reenders. v. City of Ontario* (1977) 68 Cal.App.3d 1045,

1053 [137 Cal.Rptr. 736], citing *Rowland* v. *Christian* (1968) 69 Cal.2d 108, 113 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496].)

 Plaintiff's injury is undisputed. Although the foreseeability of harm from a drunk driver to plaintiff, a man mowing his lawn, was less than that to a person driving in another vehicle or walking across the street, nevertheless it is reasonably foreseeable that an intoxicated person fleeing in a stolen police car might run that car off the road onto a sidewalk or into someone's yard. In addition, the connection between the officer's conduct in leaving Villalovos unattended in the car and the appellant's injury is difficult to dispute. The reasonable likelihood that an arrested drunk driver might, in his inebriated state of mind, try to flee is precisely the hazard that makes giving him easy access to a vehicle negligent. Furthermore, imposing a duty not to leave the motor running in an unattended police vehicle occupied by a possibly intoxicated person will not hamper law enforcement, and will have no result other than to reduce the likelihood of similar unfortunate and preventable incidents in the future. Consequently, we conclude that a police officer's duty to operate his police vehicle with due care encompasses a duty to third persons such as plaintiff not to leave that vehicle unattended, its motor running, under circumstances which invite theft and flight.

 Due care as an element of negligence presents a question of fact for the jury. If circumstances permit a reasonable doubt whether a defendant's conduct violated the boundaries of due care, the doubt must be resolved as an issue of fact by the jury rather than of law by the court. (*Brummett, supra,* 21 Cal.3d at p. 887.)

We conclude that although the trial court correctly granted summary judgment in favor of the police officers because they are immune pursuant to Government Code section 845.8, the court erred in granting summary judgment in favor of the City of San Jose, which may be held liable for the negligence of its employees pursuant to Vehicle Code section 17001.

Judgment is reversed as to respondent City of San Jose; judgment is affirmed as to the respondent police officers.

White, P. J., and Feinberg, J., concurred.

The petition of respondent City of San Jose for a hearing by the Supreme Court was denied March 13, 1980. Bird, C. J., did not participate therein.