STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, ss.                                    CIVIL ACTION
                                                  DOCKET NO. AP-02-33
                                                  JLH - PEN- 3/24/2003

JEFFREY E. SIMPSON,            )
        Plaintiff             )
                              )
                              )
v.                            )                    ORDER        FILED & ENTERED
                              )                                 SUPERIOR COURT
                              )          DONALD L. GARBRECHT
PENOBSCOT COUNTY              )             LAW LIBRARY         MAR 24 2003
SHERIFF'S DEPARTMENT,         )
        Defendant             )              MAR 31 2003         PENOBSCOT COUNTY

        Pending before the court is the defendant's motion to dismiss the amended

complaint. For the following reasons, the court grants the defendant's motion.

**Background**

        On November 7, 2002, Simpson filed a complaint pursuant to M.R.Civ.P. 80C

and alleged that the defendant had deprived him of his due process rights while he was

incarcerated at the Penobscot County Jail from September 26, 2001, through May 31,

2002. He alleged specifically that the defendant denied him representation in disciplinary

matters, failed to inform him that he was entitled to representation, denied him an

impartial disciplinary hearing committee and failed to advise him of his right to cross

examine witnesses. The plaintiff then alleged that these failures prevented him from

preparing defenses in those disciplinary proceedings. The defendant filed a motion to

dismiss on the ground that the 80C appeal was time barred. *See* 5 M.R.S.A. § 11002(3).

In response to that motion to dismiss, the plaintiff filed a motion to amend his complaint

so that it would purport to seek a declaratory judgment regarding the administrative

process. This court granted the defendant's motion to dismiss and ruled, "To the extent

the complaint purports to seek relief under M.R.Civ.P. 80B or 80C, it is dismissed as

1

untimely." However, the court granted the plaintiff's motion to amend the complaint. Therefore, as the pleadings now stand, the plaintiff seeks a declaratory judgment pursuant to 14 M.R.S.A. §5951-5963 "that the disciplinary convictions of record as a result of unlawful disciplinary proceedings. . .be declared invalid and be expunged from the plaintiff's inmate file."

In the motion at bar, the defendant contends that, regardless of the title of the action, the plaintiff is bringing a due process challenge to his disciplinary convictions. The defendant further argues that as a condition to actions challenging procedural aspects of prisoner disciplinary actions, the results of those actions must have been overturned previously. Because the plaintiff's appeal from the administrative determination has been dismissed as time-barred, the defendant contends that any claim for declaratory judgment must be dismissed as well.

## Discussion

A motion to dismiss a claim under M.R.Civ.P. 12(b)(6) tests the legal sufficiency of the complaint. *Thompson v. Department of Inland Fisheries and Wildlife*, 2002 ME 78, ¶4, 796 A.2d 674. For purposes of this motion, the court accepts the material allegations of the complaint as true and examines the complaint in the light most favorable to the plaintiff. *Id.* A dismissal for failure to state claim is proper only when it appears beyond doubt that any set of facts a plaintiff might prove at trial would not entitled to him to relief. *Id.*

In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United State Supreme Court held that a state prisoner cannot pursue a claim for damages under 42 U.S.C. §1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction

2

or sentence," unless the sentence or conviction already has been invalidated. In *Edwards v. Balisok*, 520 U.S. 641 (1996), the Court extended *Heck* to cases where a state prisoner challenges the procedures used in a disciplinary action and seeks a declaratory judgment that the outcome of the prisoner disciplinary proceeding is invalid due to procedural flaws in the underlying administrative process. *Id.* at 648. Such a declaration necessarily would imply that the prior administrative determination is invalid. *Id.* Unless the prior determination has in fact been invalidated, then the subsequent court claim is barred. *Id.* Therefore, when a claim is based on an argument that the procedures resulting in prisoner discipline were not valid, then, as a predicate to such a claim, the administrative determination must have been previously invalidated.

Here, the plaintiff seeks a declaratory judgment invalidating the disciplinary proceeding that resulted in a decision adverse to him. On that basis, he seeks relief in the form of expungement. However, whether the plaintiff's claim is seen as he has framed it (namely, one based on procedural flaws) or as one where he alleges that the ultimate administrative finding was wrong, such declaratory relief could be available to the plaintiff only if he had previously obtained an adjudication vacating or otherwise invalidating the administrative determination. *Edwards*, 520 U.S. at 645-46. The plaintiff has not obtained such an adjudication because when he attempted to do so in the form of an appeal from administrative action, the claim was dismissed.

In *Edwards*, the claim for declaratory judgment was brought as part of a section 1983 suit. The plaintiff at bar has not alleged that federal law as the basis for his claim. That procedural distinction, however, is immaterial. The essence of the plaintiff's claim is that the defendant violated his due process rights and that those violations affected the

3

validity of the resulting determination. The fundamental principle underlying the analysis in *Edwards* is that when a proceeding necessarily implies the invalidity of a judgment that still stands and has not been invalidated, the subsequent claim is barred. That principle is fully applicable here, even though there may be differences between the procedural contexts of *Edwards* and this case.[1] Further, because there are no differences between state and federal notions of due process, the analysis in *Edwards* is fully applicable here. *See Barstow v. Kennebec County Jail*, 115 F. Supp.2d 3, 5 n.5 (D. Me. 2000), *citing State v. Cote*, 1999 ME 123, 736 A.2d 262.

Therefore, as a matter of law, the plaintiff is not entitled to the declaratory judgment that he seeks here, which would "necessarily imply the invalidity" of the administrative determinations that were entered against him.

The court need not and therefore does not address the defendant's other arguments offered in support of its motion to dismiss.

The entry shall be:

For the foregoing reasons, the defendant's motion to dismiss is granted. The complaint is dismissed.

Dated: March 23, 2003

_____
Justice, Maine Superior Court

---

[1] A similar result has been reached elsewhere. *See Cherry v. Hawk*, No. 98-5100, 1999 U.S. App. LEXIS 3977 (D.C. Cir. 1999). Because the opinion in that case is unpublished, it does not have precedential effect. *See* D.C.Cir.R. 28(C)(1)(A). Thus, this court does not use the summary decision in *Cherry* as precedent but simply notes its existence.

4

Date Filed __11/7/02__ ____PENOBSCOT____ Docket No. __AP-2002-33__
County

Action ____80C APPEAL____

**ASSIGNED TO JUSTICE JEFFREY L. HJELM**

JEFFREY E. SIMPSON  VS. PENOBSCOT COUNTY SHERIFF'S DEPARTMENT

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JEFFREY E. SIMPSON, Pro se<br>P. O. BOX 250<br>S. WINDHAM, ME.  04082-0250<br>**a/o 2/20/03**<br>3061 WESTERN AVENUE<br>NEWBURGH, ME  04444 | Michael Schmidt Esq<br>Wheeler & Arey<br>P O Box 376<br>Waterville ME 04903-0376 |

| Date of Entry | |
|---|---|
| 11/7/02 | ME.R.CIV.P. 80(c) Review of Agency Action filed.  (Exhibit 1, 2 and 3 attached) |
| 11/7/02 | Affidavitt of Jeffrey Simpson filed. |
| 11/7/02 | Application of Plaintiff to Proceed Without Payment of Fees M.R.Civ.P. 91 filed.  (Indigency Affidavit and Certificate [To Be Completed By the Institution For Prisoners] attached) |
| 11/12/02 | File presented to Justice Hjelm for review. |
| 11/14/02 | File returned by Justice Hjem.  Order issued. |
| 11/14/02 | Order filed.  Therefore, this case in reality is an action brought under rule 80B.  Under rule 80B, service must be made under the provisions of MRCivP 4 (Service of process under rule 80C, on the other hand, is made by certified mail as provided in 5 MRSA Section 11003.) Therefore, on the appellant's motion to waive service fees, those fees are waived provided that the appellant first attempt to make service by mail with acknowledgemen To this extent, the November 12, 2002 order is modified by this order. (Hjelm, J.) Copy forwarded to Plaintiff, Pro Se.  Certified copy of Order on Application to Proceed without Payment of Fees and certified copy of Order filed 11/14/02, 2 summons forms, 2 Acknowledgement of Receipt of Summons and Complaint forms forwarded to Plaintiff. |
| 11/14/02 | Order filed.  The Court has reviewed the proposed pleadings. It appears that the applicant is proceeding in good faith and is without sufficient funds to pay certain fees or costs. It is ORDERED that:  the service costs shall be paid as an expense of administration.  The court finds the applicant has the ability to pay all or part of the fees.  It is ORDERED that the Applicant pay $40.00 toward the filing fee.  (Hjelm, J.) Copy forwarded to Plaintiff, Pro Se.  (Order signed 11/12/02) |