STATE OF MAINE
HANCOCK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.: CV-02-60

STEVE BOUCHER, DAVID BURR, )
JOHN FERNALD, JR., DOUGLAS )
GRAY, JR., PATRICK SMALLIDGE, )
DENNIS SMITH, DONALD E. SMITH, )
ROBERTA ROBINSON, and ADAM )
WATRAS, )
                    **Plaintiffs** )
                            )
                            )
v. )
                            )
TOWN OF MOUNT DESERT, and )
THE BOARD OF SELECTMEN OF )
THE TOWN OF MOUNT DESERT, )
               **Defendants** )

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

MAY 5 2003

Pending before the Court is the Defendants' motion to dismiss the Plaintiffs'

amended complaint and the Defendants' request for sanctions. For the following reasons

the Court grants the Defendants' motion to dismiss but denies their motion for sanctions.[1]

The Plaintiffs have filed an amended complaint to seek a declaration that the

"Home Rule" provision of 30-A M.R.S. §3001, when read together with 30-A M.R.S.

§5414, grants the voters of the Town of Mount Desert (the "Town") the sole authority for

the imposition of sewer user fees, and that neither the Town nor its board of selectmen

(the "Board") have authority to impose such fees absent approval or authorization from

the voters.

Discussion

A motion to dismiss, pursuant to M.R.Civ.P. 12(b)(6), tests the legal sufficiency

of the complaint. Thompson v. Department of Inland Fisheries and Wildlife, 2002 ME

---

[1] The Court's preferred method for dealing with a request for a declaratory judgment is to resolve the matter via a motion for summary judgment. However, there are no factual disputes and the parties have adequately briefed the applicable questions of law. Therefore, considering the notion of judicial economy, the Court will address the merits of this case via the present motion.

1

78, ¶4, 796 A.2d 674. The court accepts the complaint's material allegation as admitted and examines the complaint in the light most favorable to the plaintiff. Id. A dismissal for failure to state claim is proper only when it appears beyond doubt that any set of facts a plaintiff might prove at trial would not entitled to him to relief. Id.

The complaint alleges that on November 5, 1996, the Town's voters, voted not to authorize the Board to impose sewer user fees. The Complaint further alleges that the Board is now preparing to impose a sewer use fee contrary to the earlier vote.[2] The Plaintiffs contend that the Defendants do not have the authority to enact sewer user fees under any statutory framework. In their complaint the Plaintiffs state that they have a financial interest in the outcome of this action because as taxpayers they are interested in avoiding unnecessary expenses. For the purposes of this motion the Court deems all material factual allegations of the complaint as admitted.

The Defendants contend that the Plaintiffs have failed to raise a real and substantial controversy and therefore the Court lacks jurisdiction. Courts may only decide cases that involve justiciable controversies. Lewiston Daily Sun v. School Administrative District No. 43, 1999 ME 143, ¶12, 738 A.2d 1239. Cases that do not

---

[2] The complaint also alleges that on February 19, 2002, Dennis Smith submitted a duly authorized petition requesting that the Board hold a special town meeting to vote on the question "Shall the voters of Mount Desert Authorize Enactment of a Sewer User Fee Ordinance", which the Board rejected on the grounds that it was illegal and moot. The Plaintiffs contend that this rejection was in violation of the Town of Mount Desert Charter and Home Rule Authority pursuant to 30-A M.R.S.A. §3001 and §5414. This Court has already determined that the Board properly exercised their discretion in rejecting the petition that they deemed illegal and moot. However, that decision was in the context of a M.R. Civ. P. 80(B) Complaint. The Plaintiffs note that the rejection of the petition is irrelevant to their present petition regarding a declaration of rights pursuant to the Town Charter and various statutes and state that they only raised the issue to show the existence of an actual controversy. While there may be some overlap of issues, the Court agrees that the present complaint involves different legal questions not presented in the previous civil action. The Defendants' power to reject a petition differs from the Defendants' power to impose sewer fees pursuant to the Town Charter and statutes. Considering this decision the Court deems sanctions inappropriate.

2

involve justiciable controversies are moot. Id. The Uniform Declaratory Judgment Act, 14 M.R.S.A. §5951-5963, (the "Act") does not contain an exception to this rule. Id at ¶20.

The Act allows courts to "declare rights, status and other legal relations whether or not further relief is or could be claimed", and issue a judgment whenever, "a judgment or decree will terminate the controversy or remove an uncertainty." School Committee of Town of York v. Town of York and York Charter Commission, 636 A.2d 935, 942 (quoting the Act). The Act is remedial in nature and the courts construe it liberally. Id. The Court in York stated that, "the difference between an abstract proposition of law and a justiciable controversy...is one of the degree of adverseness of the parties and the credibility of the threat of litigation." Id at 943. The Court further stated that the "mere existence of a claim, assertion or challenge to [the parties'] legal interests, in which the ripening seeds of litigation may be seen and which cast doubt, insecurity, and uncertainty upon [the parties'] rights or status..." was sufficient to establish justiciability. Id at 943, (citing Randlett v. Randlett, 401 A.2d 1008, 1011 (Me. 1979) (stating that although no wrong has yet been committed declaratory relief was available).

While it is true that the Board has not yet acted on plans to impose a sewer fee the Plaintiffs are challenging the Board's legal authority to act and, considering the parties' past conduct, the Court notes the "ripening seeds of litigation" certainly "cast doubt" upon the Board's rights to impose sewer fees. The situation presents a justiciable controversy. However, even if the matter was moot due to a lack of justiciability the Court notes that there are exceptions to the mootness doctrine. The Court may consider an issue that is technically moot if (1) sufficient collateral consequences will flow from a

3

determination of the questions presented, (2) the question, although moot in the immediate context, is of great public interest and should be addressed for future guidance of the bar and public, or (3) the issue may be repeatedly presented to the trial court, yet escape review at the appellate level because of its fleeting or determinate nature. Leigh v. Superintendent, August Mental Health Institute, 2003 ME 22, ¶7, ____ A.2d ____. There are certainly collateral consequences that would flow from a judgment in this matter and considering that only questions of law exist concerning statutory interpretation, judgment in this matter would be appropriate. See Lewiston Daily Sun, 1999 ME at ¶18 (where no practical consequences would flow from a ruling that the Court would need to make based upon an inadequate record, determination of a technically moot issue was not appropriate).

Statutory construction is a question of law. Town of Eagle Lake et al. v. Commissioner, Department of Education, et al., 2003 ME 37, ¶7, ____ A.2d ____. Courts look to that statute's plain meaning in order to give effect to the Legislature's intent. Id. 30-A M.R.S. §3001 provides that:

> Any municipality, by the adoption, amendment or repeal of ordinances or bylaws, may exercise any power or function which the Legislature has power to confer upon it, which is not denied either expressly or by clear implication, and exercise any power or function granted to the municipality by the Constitution of Maine, general law or charter.

Pursuant to this "home rule" provision the Town enacted the Town of Mount Desert Charter (the "Charter"). Section 1.1 of the Charter provides in relevant part:

> Except as otherwise provided by this charter, the legislative authority of the Town shall be vested in the registered voters of the Town assembled in the town meeting. Town meetings shall have the exclusive power and responsibility to:
> (3) enact ordinances, except as otherwise provided by statute.

4

The phrases, "except as otherwise provided by this charter" and "except as otherwise provided by statute" limit the voters' authority to enact ordinances. 30-A M.R.S. §3406 provides in relevant part, "The municipal officers may establish a schedule of service charges from time to time upon improved real estate connected with a municipal sewer or disposal system for the use of the system." The Charter's express limitation of the voter's authority combined with the statute authorizing municipal officers to establish service charges for use of the sewer system authorizes the Board to enact sewer fees.

The Plaintiffs argue that 30-A M.R.S. §5414, the Revenue Producing Municipalities Facilities Act, limits the Board's authority. 30-A M.R.S. 5414 provides in relevant part:

> This chapter shall not be construed to limit a municipality's home rule authority. Sections 5401 to 5413 shall be deemed to provide an additional and alternative method for the doing of things described and shall be regarded as supplemental and additional to powers conferred by other laws, and shall not be regarded as in derogation of or as repealing any powers now existing under any other law, either general, special or local…

Section 5414 is not at issue in this case. The Charter, not 30-A M.R.S. §3406, limits home rule authority and further §3406 is not located within the Revenue Producing Municipalities Facilities Act.

THE DOCKET ENTRY IS:

The Defendants' Motion to Dismiss is hereby granted.

The clerk is ordered to incorporate this decision into the docket by reference.

_____
Justice, Superior Court

FILED &
ENTERED

MAR 3 1 2003

SUPERIOR COURT
HANCOCK COUNTY

DATED: March 28, 2003