STATE OF MAINE
HANCOCK, ss.

SUPERIOR COURT
CIVIL ACTION NO, AP-03-04
AMM- HAN- 6/10/2003

SEACOAST CLUB ADVENTURE )
LAND, TRENTON, INC., )
  )
Plaintiff )
  )
v. )
  )
TOWN OF TRENTON, and )
JAMES W. WAGSTAFF, )
  )
Defendants )

ORDER

LAW LIBRARY

JUN 18 2003

Pending before the Court is the Defendants', the Town of Trenton (the "Town") and James W. Wagstaff ("Wagstaff"), Motion to Dismiss Seacoast Club Adventure Land, Trenton, Inc.'s, ("Seacoast") Rule 80(B) action. The Defendants move to dismiss for failure to state a claim pursuant to M.R. Civ. P. 12(b)(6) and lack of jurisdiction pursuant to 12(h)(3). For the following reasons the Court grants the Defendants' motion.

A motion to dismiss, pursuant to M.R.Civ.P. 12(b)(6), tests the legal sufficiency of the complaint. Thompson v. Department of Inland Fisheries and Wildlife, 2002 ME 78, ¶4, 796 A.2d 674. The court accepts the complaint's material allegation as admitted and examines the complaint in the light most favorable to the plaintiff. Id. A dismissal for failure to state claim is proper only when it appears beyond doubt that any set of facts a plaintiff might prove at trial would not entitled to him to relief. Id.

## Background

Seacoast owns an outdoor recreational facility in Trenton, Maine. In August of 2000, Seacoast had a discussion with the Town's Code Enforcement Officer ("CEO"), Sally Bell ("Bell"), concerning the addition of an outdoor paintball facility. Seacoast inquired whether the necessary fence and netting would constitute a structure pursuant to

1

the Town's Land Use Ordinance (the "Ordinance") and whether the Ordinance subjected the fence to the setback requirement. Bell determined that the fence did not constitute a structure, did not require a permit, and was not subject to the setback requirement. Seacoast installed the facility some time before September 1, 2000. The Town did not appeal Bell's decisions.

In March of 2001, the Town's Planning Board, without providing notice, discussed Seacoast's property at its regular meeting. On March 15, 2001, the Board sent Seacoast a letter stating the paint ball facility was a structure and that it therefore had required a building permit. After receiving the letter Seacoast again discussed the matter with Bell and she restated her opinion that the fence and netting did not constitute a structure. She informed Seacoast that the Planning Board was concerned about the facility's proximity to the road and that various plastic pipes on the course constituted structures pursuant to the Ordinance. Seacoast sent Bell a letter explaining the plastic pipes did not have a fixed location and could be moved to alter the design of the course. Seacoast offered Bell the opportunity to inspect the pipes but got no response.

On October 7, 2002, Wagstaff, the current CEO, sent Seacoast a notice of violation that stated in part, "the paintball structure...was too close to the centerline of the road (Rt.3)" and further stated that the structure had "been in violation of our town ordinance for the past several years." The notice ordered Seacoast to cease operations and stated that a failure to cease by October 18, 2002, would result in a $100.00 per day fine. On October 17, 2002, Seacoast filed an appeal of Wagstaff's decision concerning his interpretation of the Ordinance's definition of "structure" and his interpretation that the Ordinance required a conditional use approval for the paintball facility. On

2

November 18, 2002, Wagstaff, via letter, informed Seacoast that it could only seek relief from the Board of Selectmen and that fines already totaled $3,100.00. The letter also stated that the Board of Appeals could not hear the appeal because it did not involve a permit or use application.

Seacoast contends that the Defendants' failure to appeal Bell's decision rendered her determination final. Seacoast further contends that Wagstaff's Notice of Violation included an incorrect determination that the paintball facility was a structure. Finally, Seacoast contends the CEO does not have the authority under the Ordinance to refuse to send an administrative appeal to the Board of Appeals for a hearing. The Defendants argue that the Notice of Violation is not subject to review by the Board of Appeals and is further not appropriate for a Rule 80(B) appeal. The Defendants contend that Seacoast can only raise their arguments in a Rule 80(K) proceeding.

## Discussion

M.R. Civ. P. 80(B) only applies when "review by the Superior Court, whether by appeal or otherwise, of any action or failure or refusal to act by a governmental agency...is provided by statute or otherwise available by law..." Section 5.4.3 of the Ordinance provides that a party may appeal to the Superior Court, "within thirty days after any decision is rendered by the Board of Appeals..." The Ordinance states, "The Board of Appeals may, upon written application of an aggrieved party and after public notice, hear appeal from determinations of the Planning Board and/or code enforcement officer in the administration of this Ordinance...For the purpose of this section, administration of this ordinance shall not include enforcement activities initiated under the provision of Article 5.6 or this Ordinance." Section 5.4.2. Section 5.6 of the

3

Ordinance deals with enforcement actions and does not provide for appeal to the Superior Court.

The interpretation and application of a municipal ordinance is a question of law. Griffin v. Town of Dedham, 2002 ME 105, ¶7, 799 A.2d 1239. The Court gives weight to a municipality's interpretation of its own ordinances and upholds an interpretation unless the ordinance plainly compels a contrary result. Id. It is clear from the pleadings that Wagstaff's letter amounted to an enforcement action pursuant to Section 5.6 and that the Ordinance does not allow parties to appeal enforcement actions to the Board of Appeals or the Superior Court. Therefore, Seacoast may only raise its arguments concerning the finality of Bell's determination and the correctness of Wagstaff's determination as a defense in a Rule 80(K) proceeding.

Seacoast also contends that Wagstaff's refusal to forward its appeal to the Board of Appeals amounted to a failure to act.[1] The Ordinance is silent on the CEO's authority concerning the appeals but does charge the CEO, pursuant to Section 5.6.2, with enforcing "the provisions of this Ordinance." The Court notes that the Ordinance only provides for appeals to the Superior Court from decisions made by the Board of Appeals'. Wagstaff's letter informing Seacoast that the Board of Appeals can not rule on the appeal is not a Board of Appeals' decision and occurred during an enforcement

---

[1] It is not clear that Wagstaff refused to forward the appeal the Board. Seacoast addressed the original request for appeal directly to the Board. Wagstaff's letter informed Seacoast that the Board did not have the authority to hear the appeal but did not state that he had refused to forward the request; in fact he stated that he had received a copy of the request indicating that the Board was aware of Seacoast's request. Seacoast is not challenging the Board's refusal to hear the appeal.

4

proceeding and is therefore not subject to review by the Superior Court.[2] The Court does not have jurisdiction over Seacoast's present complaint.

THE DOCKET ENTRY IS:

The Defendants' Motion to Dismiss is hereby granted.

The clerk is ordered to incorporate this decision into the docket by reference.

DATED: June 9, 2003

_____
Justice, Superior Court

**FILED &
ENTERED**

**JUN 1 0 2003**

**SUPERIOR COURT
HANCOCK COUNTY**

---

[2] Without commenting on the appropriateness of Wagstaff's actions the Court notes that pursuant to 30-A M.R.S.A. §2691, "No board may assert jurisdiction over any matter unless the municipality has by charter or ordinance specified the precise subject matter that may be appealed to the board and the official or officials whose action or nonaction may be appealed to the board." The Board of Appeals would not have had jurisdiction over the enforcement action. Although the Law Court has ruled that Board of Appeals can issue advisory opinions regarding enforcement actions that are later useful in 80(K) proceedings, the Law Court based those decisions on specific municipal ordinance language and has ruled that the Superior Court could not review a Board's advisory decision. See Pepperman v. Town of Rangeley, 659 A.2d 280 (Me. 1995); Herrle v. Town of Waterboro, 2001 ME 1, 763 A.2d 1159.