ENTERED OCT 0 8 2014

STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-14-19
AND-MGK-10-06-14

MAUREEN GOFF,

RECEIVED & FILED

OCT 0 6 2014

ANDROSCOGGIN
SUPERIOR COURT

Plaintiff

ORDER ON MOTION TO
DISMISS

v.

OLYMPIA SPORTS,

Defendant

Defendant Olympia Sports has moved to dismiss Plaintiff Maureen Goff's Complaint for improper venue and to dismiss Count III of the Complaint for failure to state a claim upon which relief can be granted pursuant to Maine Rules of Civil Procedure 12(b)(3) and (6). This court held a non-testimonial hearing on the Defendant's Motion. The Plaintiff has opposed the Defendant's Motion.

The Plaintiff's Complaint contains three counts: Count I is for Maine Human Rights Act age discrimination; Count II is for Maine Human Rights Act retaliation; and Count III is a whistleblower claim. The Plaintiff is seeking declaratory and injunctive relief, as well as monetary damages. Her claims are based upon alleged violations of the Maine Human Rights Act ("MHRA"), 5 M.R.S.A. § 4551 *et seq.*, and the Whistleblowers' Protection Act ("WPA"), 26 M.R.S.A. § 831 *et seq.*

I. Factual and procedural background

Ms. Goff is a resident of New Gloucester, Maine. (Compl. ¶ 1.) New Gloucester is in Cumberland County. Olympia Sports is a Maine corporation. (Compl. ¶ 2.) According to the

she wished to continue working and retirement was not economically feasible for her. (Compl. ¶ 19.) Mr. Coffey again stated that she could work until October, and Ms. Goff informed him that what the company was doing was not legal. (Compl. ¶ 19.) Later that afternoon, around 4:30 p.m., Mr. Coffey asked if she was prepared to talk. (Compl ¶ 20.) She responded that she needed to talk to her husband at home, rather than over the phone. (Compl. ¶ 20.) Mr. Coffey was "upset and stomped away." (Compl. ¶ 20.)

The next day, March 23, 2011, Ms. Goff was fired, and she was told that she had two days to make a determination regarding a severance package. (Compl. ¶ 21.) Plaintiff claims that changing her separation date from the company was retaliatory and pretextual. (Compl ¶ 24.)

On December 8, 2011, Ms. Goff filed a discrimination complaint with the Maine Human Rights Commission ("MHRC"). (Compl. ¶ 7.) Olympia Sports' President stated in a hearing with the MHRC investigator that March 23rd was Ms. Goff's last day, because Ms. Goff had stated that what the company was doing was illegal. (Compl. ¶ 27.)

On December 27, 2013, the MHRC issued a letter permitting Goff to pursue her action in court. (Compl. ¶ 8.)

II. Standard of review

When considering a motion to dismiss under Rule 12(b)(6) the Law Court has held that:

'[w]e view the material allegation of the complaint as admitted and examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory. A dismissal is appropriate only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim. The legal sufficiency of a complaint is a question of law.'

*Thompson v. Dep't of Inland Fisheries & Wildlife*, 2002 ME 78, ¶ 4, 796 A.2d 674 (quoting *New Orleans Tanker Corp. v. Dep't of Transp.*, 1999 ME 67, ¶ 3, 728 A.2d 673).

3

where the cause of action developed. The Defendant is correct that those would be the three options if the Defendant were a person. Defendant, however, is a corporation.[1]

Section 505 of the statute, which pertains to local and transitory actions where counties, towns and other corporations are parties provides that "[a]ll other corporations may sue and be sued in the county in which they have an established place of business or in which the plaintiff or defendant, if a natural person, lives." 14 M.R.S. § 505. The court is unclear why Olympia Sports believes that section 505 does not apply to it, when the title of the section refers specifically to corporations.

"Where a corporation is a party, the action may be brought wherever the corporation has an established place of business or where the other party, if a natural person, lives." 2 Harvey, *Maine Civil Practice*, 66 (3d ed. 2011). Since Olympia Sports has a place of business in Auburn, it is entirely appropriate for the Plaintiff to bring her action in Androscoggin County.

Pursuant to 14 M.R.S. § 508, the court has the power to transfer this case to another county, "in the interest[] of justice and to secure the speedy trial of an action, or for other good cause . . . ." 14 M.R.S. § 508. The court is, however, un-persuaded by a *forum non-conveniens* argument. Androscoggin County is adjacent to Cumberland County. There is no real hardship involved in traveling to Auburn for trial.

**Whistleblower claim**

Defendant argues that Count III of Plaintiff's Complaint should be dismissed, because the Defendant alleges that Plaintiff's complaint with the MHRC failed to include a claim for violation of the WPA and Plaintiff therefore failed to exhaust her administrative remedies. Defendant also argues, based on its assertion that the WPA claim was not filed with the MHRC,

---

[1] The Defendant's Motion goes into some detail discussing *Ferraiolo Const., Inc. v. Keybank*, 978 F. Supp. 23 (D.

5

803(8)(B), and the Law Court's pronouncement in *Tiemann*, the court agrees with the Plaintiff that the Investigator's Report is inadmissible hearsay, which cannot be considered by the court.

In her Complaint, Plaintiff stated that she timely filed a claim with the MHRC. Plaintiff has also alleged in her Complaint, that she exhausted her administrative remedies. For the purposes of this Motion, those allegations are taken as admitted. *See Thompson*, 2002 ME 78, ¶ 4, 796 A.2d 674. It is clear from Defendant's Motion that whether or not Plaintiff properly articulated a WPA claim with the MHRC and whether she exhausted her administrative remedies will need to be addressed in this action. At this early stage of the litigation, however, and with the scant information that has been provided, the court cannot grant Defendant's Motion to Dismiss.

Accordingly, the court orders that the Defendant's Motion to Dismiss is **DENIED**.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 10/6/14

Hon. Mary Gay Kennedy
Superior Court Justice

7

MAUREEN GOFF - PLAINTIFF

Attorney for: MAUREEN GOFF
REBECCA S WEBBER - RETAINED
SY TON TAINTOR & ABBOTT
9L IN STREET
AUBURN ME 04210


vs
OLYMPIA SPORTS - DEFENDANT

Attorney for: OLYMPIA SPORTS
PHILIP P MANCINI - RETAINED 02/25/2014
DRUMMOND & DRUMMOND
ONE MONUMENT WAY
PORTLAND ME 04101

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No   AUBSC-CV-2014-00019


DOCKET RECORD


Filing Document: COMPLAINT                    Minor Case Type: OTHER STATUTORY ACTIONS
Filing Date: 01/30/2014

## Docket Events:

01/30/2014 FILING DOCUMENT - COMPLAINT FILED ON 01/30/2014

01/30/2014 Party(s):  MAUREEN GOFF
          ATTORNEY - RETAINED ENTERED ON 01/30/2014
          Plaintiff's Attorney: REBECCA S WEBBER

02/11/2014 Party(s):  OLYMPIA SPORTS
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 02/06/2014

                                                                    HORACE HORTON

          OBO OLYMPIA SPORTS

02/11/2014 Party(s):  OLYMPIA SPORTS
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 02/11/2014

02/25/2014 Party(s):  OLYMPIA SPORTS
          MOTION - MOTION TO DISMISS FILED ON 02/25/2014
          WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

03/13/2014 Party(s):  MAUREEN GOFF
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/13/2014
          TO MOTION TO DISMISS

03/20/2014 Party(s):  OLYMPIA SPORTS
          OTHER FILING - REPLY MEMORANDUM FILED ON 03/20/2014
          TO OPPOSITION TO MOTION TO DISMISS

04/15/2014 HEARING - MOTION TO DISMISS SCHEDULED FOR 05/07/2014 at 11:00 a.m.

05/07/2014 HEARING - MOTION TO DISMISS HELD ON 05/07/2014 at 12:11 p.m.  in Room No.  2
          MARYGAY  KENNEDY , JUDGE
          Defendant's Attorney: PHILIP P MANCINI
          Plaintiff's Attorney:  REBECCA S WEBBER