STATE OF MAINE                          SUPERIOR COURT
OXFORD, ss.                             CIVIL ACTION
                                        DOCKET NO. CV-22-22


SETH T. CAREY,                    )
                                 )
              Plaintiff           )
                                 )
      v.                          )     **ORDER ON PENDING MOTIONS**
                                 )
TOWN OF RUMFORD and              )
RUMFORD FIRE DEPARTMENT          )
                                 )
              Defendants          )
                                 )
                                 )

Plaintiff Seth T. Carey brings this suit against Defendants Town of Rumford

and the Rumford Fire Department. There are multiple pending motions in this

matter, including: the plaintiff's Request for Temporary Restraining Order and

Permanent Injunction; Rumford Fire Department's Motion to Dismiss; and Town of

Rumford's Motion to Dismiss. For the following reasons, the court grants both

motions to dismiss and denies the remaining motions as moot.

## PROCEDURAL HISTORY

This case stems from a fire that took place at the plaintiff's home on October

5, 2020. Due to the extensive structural damage, the Town of Rumford ("the Town")

declared the home a "Dangerous Building" and ordered its demolition. The plaintiff

filed an appeal to the Superior Court pursuant to M.R. Civ. P. 80B. The court

1

affirmed the Town's decision.[1] The plaintiff then filed the instant lawsuit, which was docketed on June 2, 2022. Count I alleges that the responding firefighters from the Rumford Fire Department ("the Fire Department") negligently failed to save the plaintiff's home. Count II alleges that the Town was negligent in hiring Chris Reed as its fire chief. Counts III and IV allege negligent infliction of emotional distress and intentional infliction of emotional distress by both defendants.

## DISCUSSION

A motion to dismiss under M.R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. *Seacoast Hangar Condo. II Ass'n v. Martel*, 2001 ME 112, ¶ 16, 775 A.2d 1166. When considering a motion to dismiss, the court must "view the facts alleged in the complaint as if they were admitted and in the light most favorable to the plaintiff" in order to determine whether the complaint "'sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Lalonde v. Cent. Me. Med. Ctr.*, 2017 ME 22, ¶ 11, 155 A.3d 426 (quoting *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244.

Dismissal is warranted in the instant case. First, the Fire Department is not a separate legal entity from the Town and thus lacks the capacity to be sued. In an

---

[1] *See Seth Carey v. Town of Rumford*, Docket No. SOPSC-AP-2021-03, decided 11/17/21.

2

action involving a town or its departments or subdivisions, the proper party is the town itself; "subordinate entities do not have the capacity to sue or be sued." 56 Am. Jur. 2d Municipal Corporations, Counties, and Other Political Subdivisions § 735. The Law Court recognized this principle in *Faucher v. City of Auburn* when it "change[d] the title of the case from City of Auburn School Department to City of Auburn" because the city itself was the "appropriate defendant." 465 A.2d 1120, 1120 n. * (Me. 1983). In similar cases, the federal district courts of Maine and Massachusetts have likewise found that a town or county itself is the only proper defendant. *Estate of Hampton v. Androscoggin Cnty.*, 245 F. Supp. 2d 150, 158 n.17 (D. Me. 2002) (sheriff's department not a proper defendant because it is merely a subdivision of the county); *Cronin v. Town of Amesbury*, 895 F. Supp. 375, 383 (D. Mass. 1995) (police department not a proper defendant because it has no legal identity separate from that of the town), *aff'd*, 81 F.3d 257 (1st Cir. 1996). Because the Fire Department is simply a subdivision of the Town and lacks the legal capacity to be sued, it is not properly named as a defendant.

Second, Mr. Carey's claims against the Town must be dismissed because the Town is entitled to sovereign immunity. Governmental entities enjoy broad immunity from tort claims. The Maine Tort Claims Act ("MTCA") provides: "Except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages." 14 M.R.S. § 8103(1). The statute then enumerates several exceptions to that immunity, including the provision that "[a] governmental entity is liable for its

3

negligent acts or omissions in its ownership, maintenance, or use of" various types of "vehicles, machinery and equipment." 14 M.R.S. § 8104-A(1). Because "'the MTCA employs an exception-to-immunity approach rather than an exception-to-liability approach,' when [a court] consider[s] the exceptions to immunity for governmental entities, '[it] start[s] from the premise that immunity is the rule and exceptions to immunity are to be strictly construed.'" *Day's Auto Body, Inc. v. Town of Medway*, 2016 ME 121, ¶ 8, 145 A.3d 1030. Here, Mr. Carey argues that his claims fall within section 8104-A(1)'s exception concerning "vehicles, machinery and equipment." 14 M.R.S. § 8104-A(1). Specifically, he asserts that members of the Fire Department refused to deploy a pumper truck in a timely fashion, thereby allowing a small fire to rapidly spread. Complaint at pages 3-4.

The Law Court has "made clear that the mere fact that a vehicle or piece of equipment or machinery is involved in the conduct that allegedly caused harm does not, in itself, implicate the exception to immunity." *Day's Auto Body*, 2016 ME 121, ¶ 9, 145 A.3d 1030. Instead, the vehicle exception applies only where a tort claim "involves harms that flow naturally or directly from the negligent use or maintenance of vehicles." *Thompson v. Dep't of Inland Fisheries & Wildlife*, 2002 ME 78, ¶ 7, 796 A.2d 674 (affirming dismissal of complaint where plaintiff claimed to have been injured "not by contact with a negligently operated or maintained vehicle, but by the State's failure [to use government vehicles] to execute an efficient rescue"). "[T]he focus is on the risk of harm naturally or directly caused by the vehicle's contact with the general public." *Id.* ¶ 8.

4

The *Day's Auto Body* case is instructive. There, the plaintiff brought a negligence action against the Town of Medway, claiming that the fire department had "refused to allow firefighters to enter the building, refilled fire trucks from a single hydrant instead of from two other available hydrants...[and] connected a water hose to a nozzle improperly," among other allegations. 2016 ME 121, ¶ 2, 145 A.3d 1030. The Law Court upheld the trial court's finding of immunity, reasoning that even if the fire department's decisions were poor ones, "they do not create the type of risk for which the Legislature intended governmental entities to incur tort liability." *Id.* ¶ 11.

Here, as in *Day's Auto Body*, the gravamen of the plaintiff's complaint is that "the Town made imprudent tactical decisions in the course of fighting the fire." *Id.* ¶ 11. He does not allege that he was injured by contact with a negligently operated or maintained fire truck, just that the firefighters did not deploy the truck properly. Thus, even accepting as true the plaintiff's claims that the firefighters acted negligently, the vehicle exception does not apply. *Id.* Because section 8104-A(1)'s vehicle exception is inapplicable and the plaintiff makes no claim that any other exception to immunity applies, the court concludes that the Town is immune from the plaintiff's suit pursuant to section 8103(1) of the MTCA.

Finally, where all counts are now dismissed, the other pending motions are moot.

5

The court accordingly orders as follows:

1. Defendant Rumford Fire Department's Motion to Dismiss is GRANTED.

2. Defendant Town of Rumford's Motion to Dismiss is GRANTED.

3. Plaintiff Seth Carey's Request for Temporary Restraining Order and Permanent Injunction is DENIED as moot.

4. Defendant Rumford Fire Department's Motion to Exempt this Matter from Rule 16B ADR Requirements is DENIED as moot.

5. Defendant Rumford Fire Department's Motion to Stay Discovery is DENIED as moot.

6. Defendant Town of Rumford's Motion to Quash Subpoenas is DENIED as moot.

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 16|31|22

Julia M. Lipez
Justice, Superior Court

6